RICHARD T. SMITH *v.* VICTOR LIBURDI, WARDEN
(8346)

O'CONNELL, NORCOTT and LANDAU, Js.

Argued May 7—decision released August 7, 1990

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (petitioner).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (petitioner).

O'CONNELL, J. This is an appeal by the petitioner from a judgment quashing his habeas corpus proceeding on grounds that it did not state a cause of action upon which relief could be granted. We affirm the judgment of the trial court.

The petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70. His conviction was affirmed in *State* v. *Smith,* 210 Conn. 132, 554 A.2d 713 (1989) (*Smith I*). In the present action, the petitioner seeks to establish an evidentiary record in order to resolve an issue he incorrectly assumes the Supreme Court left undecided in *Smith I.* The record simply does not support his theory.

The gravamen of the petitioner's claim is that his imprisonment is illegal because the state used his silence, after *Miranda* warnings, to imply a false statement. See *Doyle* v. *Ohio,* 426 U.S. 610, 617–18, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976). In *Smith I,* the Supreme Court clearly and emphatically disposed of this issue by stating, "[t]he testimony does not indicate that the defendant remained silent or failed to respond to any question asked." *Smith I,* supra, 146. The *Smith I* court further concluded that "[t]here is an insufficient fac-

tual foundation for the claim that the defendant remained silent after receiving *Miranda* warnings." Id., 147.

"[W]hen a party has fully and fairly litigated his claims, he is barred from subsequent relitigation notwithstanding 'any other admissible matter which might have been offered' to sustain them in the prior proceeding." *State* v. *Ellis,* 197 Conn. 436, 468, 497 A.2d 974 (1985). We agree with the habeas court that the Supreme Court in *Smith I* completely decided this issue.

The defendant has had his day in court.

The judgment is affirmed.

In this opinion the other judges concurred.