# CITY OF DANBURY *v.* DANA INVESTMENT CORPORATION/LOT NUMBER GO8065 ET AL.
## (SC 16243)

McDonald, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.*

Argued December 6, 2000—officially released July 24, 2001

* Although Chief Justice McDonald reached the mandatory age of retirement before the date that this opinion was officially releaed, his continued participation on this panel is authorized by General Statutes § 51-198 (c). The listing of justices reflects their seniority status on this court as of the date of argument.

*Mark S. Baldwin*, for the appellant (defendant Philbury, Inc.).

*Robert A. Izard, Jr.*, with whom, on the brief, were *Linda L. Morkan* and *Carol A. Shubinski*, for the appellee (substitute plaintiff Transamerica Business Credit Corporation).

*Opinion*

VERTEFEUILLE, J. The issue raised in this joint appeal from 111 separate judgments of strict foreclosure is whether the trial court, on remand from this court; *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 31, 730 A.2d 1129 (1999); properly awarded sheriff's fees where the party requesting those fees failed to present any evidence to support its request. The defen-

dant Philbury, Inc. (Philbury), appeals[1] from the judgments of the trial court awarding sheriff's fees to the plaintiff[2] totaling $164,000. On appeal, Philbury claims that the award of sheriff's fees should be vacated because the plaintiff failed to establish that the requested sheriff's fees were reasonable.[3] We agree.

These cases return to us for a second time. In the previous appeal, we found the following facts. "By a writ returnable in May, 1994, the [original plaintiff, the city of Danbury (city)] brought these 111 separate actions to foreclose on the 111 separate tax liens that it duly had filed against the properties for unpaid real estate taxes for the tax years 1985 through 1991. Dana Investment Corporation (Dana), the owner of the properties at that time, was the named defendant, along with Philbury, which also was named as a defendant because it held a mortgage on the properties that was subordinate to the city's tax liens. Because there were numerous lienholders against the properties, there were

[1] Philbury appealed from the judgments of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

In addition to Philbury, there were seventeen other parties named as defendants in these cases. They are not involved in this appeal. Philbury, the owner of the property involved in these cases, is the only appealing party. See *Danbury* v. *Dana Investment Corp.*, supra, 249 Conn. 3 n.1.

[2] The judgments of strict foreclosure and the accompanying costs and fees were rendered in favor of the original plaintiff in this case, the city of Danbury. Subsequent to the date of the judgments, Transamerica Business Credit Corporation was substituted as the plaintiff. References herein to the plaintiff are to Transamerica Business Credit Corporation.

[3] Philbury also makes the following additional claims: (1) that the trial court abused its discretion when it modified the award of statutory sheriff's fees because it failed to reduce the total fees to a reasonable amount; (2) that the trial court improperly reduced the sheriff's fees by simply eliminating the travel expenses without conducting an evidentiary hearing to determine the reasonableness of the fees; and (3) that on remand the cases should have been referred to the judge who originally had tried them. In light of our conclusion that the trial court's award of sheriff's fees should be vacated because the plaintiff failed to meet its burden of proof, we need not reach Philbury's three other claims.

eighteen defendants named in the writ. Thereafter, Philbury foreclosed on the mortgage that it held and thereby acquired title to the properties. In June, 1995, the city withdrew the actions against Dana, and proceeded against Philbury as the owner of the properties. Thereafter, in July, 1996, the city amended the complaint to include foreclosure of tax liens for the tax years 1992 through 1994, so that the actions as ultimately tried were for foreclosure of tax liens representing unpaid taxes for the years 1985 through 1994." Id., 5–6.

"Thereafter, in February, 1997, the cases were tried together as contested foreclosure cases. At the conclusion of the evidence on February 20, 1997, when Philbury sought to address the city's bill of costs, the court determined that the bill of costs would be passed on by the clerk as an initial matter, after which 'there can be an appeal to the court.' Philbury agreed to this procedure. Then, in each case, the court rendered a judgment of strict foreclosure, and awarded the city in each case: (1) an attorney's fee of $1600, for a total of $177,600; (2) a title search fee of $100, for a total of $11,100; and (3) an appraiser's fee of $110, which consisted of $100 for the appraisal and $10 for the appraiser's testimony in court, for a total of $12,210. The court set a law day for Philbury of June 2, 1997, having taken into account Philbury's evidence that it had a potential buyer for 80 to 85 of the 111 lots for a total of approximately $1.3 million.

"Thereafter, Philbury filed an objection to the city's bill of costs in each case and, pursuant to Practice Book § 412, now § 18-5 (a),[4] the parties appeared before the

---

[4] Practice Book § 18-5 (a) provides: "Costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk."

clerk for taxation of costs. The clerk taxed costs in each case based upon the city's bill of costs. Philbury sought review by the trial court pursuant to Practice Book § 18-5 (b),[5] and upon review, the court overruled Philbury's objections and entered the following orders awarding in each case: (1) an entry fee of $150, which already had been paid by the city, for a total of $16,650; and (2) sheriff's fees of approximately $1500, for a total of approximately $170,000. The court purportedly calculated the sheriff's fees according to [General Statutes (Rev. to 1993)] § 52-261[6] . . . as follows: '3505 miles

[5] Practice Book § 18-5 (b) provides: "Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk."

[6] General Statutes (Rev. to 1993) § 52-261 provides: "Except as provided in section 52-261a, each officer or person who serves process, summons or attachments shall receive a fee of not more than twenty dollars for each process served and an additional fee of ten dollars for the second and each subsequent defendant upon whom the process is served. Each such officer or person shall also receive twenty-one cents for each mile of travel, to be computed from the place where he received the process to the place of service, and thence in the case of civil process to the place of return. If more than one process is served on one person at one time by any such officer or person, the total cost of travel for the service shall be the same as for the service of one process only. Each officer or person who serves process shall also receive the moneys actually paid for town clerk's fees on the service of process. Any officer or person required to summon jurors by personal service of a warrant to attend court shall receive for the first ten miles of travel while so engaged, such mileage to be computed from the place where he receives the process to the place of service, twenty-five cents for each mile, and for each additional mile, ten cents. For summoning any juror to attend court otherwise than by personal service of the warrant, such officer or person shall receive only the sum of fifty cents and actual disbursements necessarily expended by him in making service thereof as directed. Notwithstanding the provisions of this section, for summoning grand jurors, such officer or person shall receive only his actual expenses and such reasonable sum for services as are taxed by the court. The following fees shall be allowed and paid: (1) For taking bail or bail bond, one dollar; (2) for copies of writs and complaints, exclusive of endorsements, one dollar per page, not to exceed a total amount of nine hundred dollars in any particular matter; (3) for endorsements, forty cents per page or fraction thereof; (4) for service of a warrant for the seizure of intoxicating liquors, or for posting and leaving notices after the seizure, or for the destruction

traveled at .21 cents per mile, per writ and per lis pendens for a total of $1472.10 ($736.05 for all writs and $736.05 for all lis pendens).' " Id., 9–11.

The first time this case was before us, we concluded that "[i]t was an abuse of [the trial court's] discretion to award the sheriff's fees in these cases as if the sheriff had traveled approximately twice the earth's circumference in serving process, and had made 111 separate trips in filing the various lis pendens. The court should have exercised further oversight, and reduced the total sheriff's fees to a reasonable amount, *taking into account the actual amount of travel engaged in and the services performed,* with a reasonable premium added based on the fact that the sheriff was responsible for properly serving 111 writs, rather than just one writ, and

or delivery of any such liquors under order of court, twenty dollars; (5) for the removal and custody of such liquors so seized, reasonable expenses, and twenty dollars; (6) for levying an execution, when the money is actually collected and paid over, or the debt secured by the officer to the acceptance of the creditor, ten per cent on the amount of the execution, provided the minimum fee for such execution shall be twenty dollars; (7) on the levy of an execution on real property and on application for sale of personal property attached, to each appraiser, for each half day of actual service, reasonable and customary expenses; (8) for causing an execution levied on real property to be recorded, fees for travel, twenty dollars and costs; (9) for services on an application for the sale of personal property attached, or in selling mortgaged property foreclosed under a decree of court, the same fees as for similar services on executions; (10) for committing any person to a community correctional center, in civil actions, twenty-one cents a mile for travel, from the place of the court to the community correctional center, in lieu of all other expenses; and (11) for summoning and attending a jury for reassessing damages or benefits on a highway, three dollars a day. The court shall tax as costs a reasonable amount for the care of property held by any officer under attachment or execution. The officer serving any attachment or execution may claim compensation for time and expenses of any person, in keeping, securing or removing property taken thereon, provided he shall make out a bill. The bill shall specify the labor done, and by whom, the time spent, the travel, the money paid, if any, and to whom and for what. The compensation for the services shall be reasonable and customary and the amount of expenses and shall be taxed by the court with the costs."

We refer herein to the 1993 revision of § 52-261, as that is the revision that was in effect at the time of the service of process in these cases.

filing 111 lis pendens, rather than just one lis pendens." (Emphasis added.) Id., 30. "We . . . determined that the sheriff's fees must be reduced drastically and recalculated." Id., 31. We, therefore, "affirm[ed] the judgment in all respects except for the award of sheriff's fees, which we reverse[d] and remand[ed] for a new hearing." Id., 3.

At the hearing held pursuant to our remand, the plaintiff produced no additional evidence regarding the award of sheriff's fees. Solely on the basis of the original bill of costs and an amended bill of costs that was filed prior to our remand, the trial court eliminated all of the sheriff's travel expenses, thereby reducing the total sheriff's fees from approximately $170,000 to approximately $164,000. This appeal followed.

Philbury now claims that the judgment of the trial court awarding sheriff's fees should be reversed and remanded for a full evidentiary hearing. Specifically, Philbury claims that: (1) the trial court failed to recalculate and drastically reduce the entire award of sheriff's fees; (2) the trial court failed to hold an evidentiary hearing; and (3) the plaintiff failed to meet its burden of proving that the award of sheriff's fees was reasonable. In response, the plaintiff claims that: (1) the trial court properly limited its inquiry on remand to reconsidering only the portion of the award of sheriff's fees pertaining to travel expenses; (2) no evidentiary hearing was necessary; (3) Philbury had the burden of production and burden of proof at the hearing because it was the moving party; and (4) Philbury failed to meet its burdens of production and proof. We agree with Philbury that the plaintiff had the burden of proof at this hearing and that the plaintiff failed to satisfy its burden of proof. Accordingly, we reverse the judgments of the trial court and remand the cases to that court with direction to vacate the award of sheriff's fees and to deny the plaintiff's request for sheriff's fees.

In *Danbury* v. *Dana Investment Corp.*, supra, 249 Conn. 29–30, we determined that the sheriff's fees in this case are governed both by General Statutes § 12-193,[7] which covers court costs in municipal tax lien foreclosure cases, and § 52-261. See footnote 6 of this opinion. In addition, we determined that "[i]rrespective of what § 52-261 would justify in an ordinary case of multiple service of process by a sheriff, the facts of this case are extraordinary. . . . The court should have exercised further oversight, and reduced the total sheriff's fees to a reasonable amount, taking into account the actual amount of travel engaged in and the services performed . . . ." Id., 30. We further concluded that on remand "the sheriff's fees must be reduced drastically and recalculated." Id., 31.

On remand, therefore, the trial court was required to reexamine the award of sheriff's fees, determine a reasonable amount thereof, and drastically reduce the original award. Philbury contends that as the party requesting the sheriff's fees pursuant to Practice Book § 18-5, the plaintiff had the burden of proof at the hearing. In response, the plaintiff claims that Philbury had the burden of proof at the hearing because the hearing was held on Philbury's motion for review of the taxation of costs. After a review of both our original decision in this case and § 18-5 (a), we conclude that the burden of proof for the award of sheriff's fees on remand remained with the plaintiff.

As the party requesting an award of sheriff's fees pursuant to General Statutes § 52-261 and Practice

---

[7] General Statutes § 12-193 provides: "Court costs, reasonable appraiser's fees, and reasonable attorney's fees incurred by a municipality as a result of any foreclosure action brought pursuant to section 12-181 or 12-182 and directly related thereto shall be taxed in any such proceeding against any person or persons having title to any property so foreclosed and may be collected by the municipality once a foreclosure action has been brought pursuant to section 12-181 or 12-182."

Book § 18-5, the plaintiff had the initial burden of proving that it was entitled to sheriff's fees. Practice Book § 18-5 (a) provides that "[c]osts may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs . . . ." It was the plaintiff that filed the bill of costs that gave rise to the issue now before us and it is the plaintiff who seeks reimbursement for the sheriff's fees associated with these cases.

An examination of our previous decision in this case also supports our conclusion that the plaintiff had the burden of proof at the hearing. In the initial appeal, we remanded the case to the trial court for a new hearing, requiring that the trial court reduce and recalculate the sheriff's fees. *Danbury* v. *Dana Investment Corp.*, supra, 249 Conn. 31. In remanding the case, we concluded that the trial court "should have exercised [its] oversight, and reduced the total sheriff's fees to a reasonable amount, *taking into account the actual amount of travel engaged in and the services performed* . . . ." (Emphasis added.) Id., 30. In so concluding, we recognized that on remand the trial court would need to make factual determinations about the "actual amount of travel engaged in and the services performed" in order to determine reasonable sheriff's fees. Id. As the party that directed the sheriff to make service and received the benefits of the sheriff's services, the plaintiff was the party with access to the information necessary for the trial court to determine the actual travel engaged in by the sheriff and the services he performed. Section 18-5 (a) requires that the plaintiff prove the reasonable sheriff's fees to which it is entitled by submitting a bill of costs and our remand did not shift the burden of proof from the plaintiff. Our previous decision in this case merely pointed to specific factual issues that needed to be addressed for the trial court to award reasonable sheriff's fees. A careful examination of that decision demonstrates that on remand the

plaintiff had the burden of proving the "actual amount of travel engaged in *and the services performed*" in order for the trial court to award reasonable sheriff's fees. (Emphasis added.) Id.

The plaintiff, however, failed to present any evidence at the hearing on remand. When given an opportunity to present witnesses, the plaintiff repeatedly declined, relying instead on the bill of costs and the amended bill of costs, which had been submitted prior to the remand.

In an analogous line of cases, the Appellate Court determined that "[a]n award of attorney's fees under [a contract clause providing for payment of reasonable attorney's fees] requires an evidentiary showing of reasonableness." *Ottavani* v. *Pechi*, 16 Conn. App. 705, 709, 548 A.2d 1354 (1988). Moreover, this court has held that "no award for an attorney's fee may be made when the evidence is insufficient." (Internal quotation marks omitted.) *Appliances, Inc.* v. *Yost*, 186 Conn. 673, 680, 443 A.2d 486 (1982). By requiring the requesting party to submit a bill of costs, Practice Book § 18-5 (a) requires a similar evidentiary showing of reasonableness for an award of sheriff's fees. The plaintiff failed, however, to present any evidence concerning the actual travel engaged in by the sheriff and the actual services performed. The trial court eliminated all travel expenses but awarded $164,000 in sheriff's fees in the absence of any additional evidence concerning the actual services performed. No sheriff's fees should have been awarded by the trial court, because the plaintiff failed to meet its burden of proof as to the actual services performed.

Philbury contends that this case should be remanded for a further evidentiary hearing. We already have remanded this case once for a new hearing on the reasonableness of the sheriff's fees. See *Danbury* v. *Dana Investment Corp.*, supra, 249 Conn. 31. At the hearing on remand, the plaintiff repeatedly was given the oppor-

tunity to present evidence on the sheriff's fees, but failed to do so. It is well established that a plaintiff is limited to only one opportunity to prove its claim. See *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 301, 715 A.2d 712 (1998); see also *Mildred Cotler Trust* v. *United States*, 184 F.3d 168, 176 (2d Cir. 1999); *Beach* v. *Milford Ice Co.*, 87 Conn. 528, 536, 89 A. 181 (1913); *Smith* v. *Liburdi*, 22 Conn. App. 562, 564, 578 A.2d 160, cert. denied, 216 Conn. 816, 580 A.2d 60 (1990). We conclude, therefore, that it would be improper to remand this case for a further hearing because it would inappropriately give the plaintiff a second chance to prove its case for sheriff's fees.

The judgments are reversed with respect to the award of sheriff's fees and the cases are remanded to the trial court with direction to vacate that award and to deny the plaintiff's request for sheriff's fees.

In this opinion the other justices concurred.