RAFAEL FERNANDEZ *v.* COMMISSIONER OF
CORRECTION
(AC 23972)

Foti, West and McLachlan, Js.

Argued September 13—officially released November 16, 2004

*Martin Zeldis*, public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Christopher L. Morano*, chief state's attorney, and *Angela R. Macchiarulo*, assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The principal issue in this appeal is whether, on the basis of the doctrine of res judicata, the habeas court correctly prevented the petitioner, Rafael Fernandez, from relitigating claims in a habeas proceeding that were raised, litigated and decided on direct appeal from his judgment of conviction. We affirm the judgment of the habeas court.

In May, 1998, the petitioner was convicted, by a three judge panel, of murder in violation of General Statutes § 53a-54a (a) and arson in the first degree in violation of General Statutes § 53-111 (a) (1). He appealed from his judgment of conviction, claiming that (1) the trial court, *Espinosa, J.*, denied him his constitutional right to counsel when it granted defense counsel's oral motion to withdraw and (2) the trial court, *Barry, J.*, deprived him of his constitutional right to represent himself when it vacated its previous order granting his pro se motion to be transferred to another correctional facility to have access to a law library. Our Supreme Court disagreed and thus affirmed the trial court's judgment. See *State* v. *Fernandez*, 254 Conn. 637, 639–40, 758 A.2d 842 (2000), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001). Approximately eighteen months later, the petitioner filed a two count amended

petition for a writ of habeas corpus. The respondent filed a motion to dismiss the amended petition on the ground that it was barred by the doctrine of res judicata. The habeas court granted the motion to dismiss, concluding that the two claims raised by the petitioner in his amended petition were identical to those discussed and ruled on by our Supreme Court in the petitioner's direct appeal from his judgment of conviction. The petitioner thereafter filed a petition for certification to appeal, which the habeas court granted. This appeal followed.

The petitioner claims that the habeas court improperly dismissed his amended petition on the ground that it was barred by the doctrine of res judicata. Before addressing that claim, we set forth our standard of review for a challenge to the dismissal of a petition for a writ of habeas corpus. "[T]he conclusions reached by the trial court in its decision to dismiss the habeas petition are matters of law, subject to plenary review . . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 80 Conn. App. 580, 584, 836 A.2d 466 (2003), cert. denied, 267 Conn. 919, 841 A.2d 1191 (2004).

With that standard in mind, we assess the court's legal conclusion that the petitioner's claims were barred by the doctrine of res judicata. "[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties] on the same claim. . . . To determine whether two claims are the same for purposes of res judicata, we compare the pleadings and judgment in the first action with the complaint in the subsequent action. . . . The judicial [doctrine] of res judicata . . . [is] based on

the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . [W]here a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding." (Citations omitted; internal quotation marks omitted.) *Thorpe* v. *Commissioner of Correction*, 73 Conn. App. 773, 777, 809 A.2d 1126 (2002).

"The doctrine [of res judicata] applies to criminal as well as civil proceedings and to state habeas corpus proceedings . . . ." *Brown* v. *Commissioner of Correction*, 44 Conn. App. 746, 750, 692 A.2d 1285 (1997), citing *McCarthy* v. *Warden*, 213 Conn. 289, 294–98, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990); see also *Thorpe* v. *Commissioner of Correction*, supra, 73 Conn. App. 778 (holding that habeas court correctly determined that petitioner was barred by res judicata from relitigating first federal due process claim in habeas petition); *Smith* v. *Liburdi*, 22 Conn. App. 562, 563–64, 578 A.2d 160 (holding that trial court properly quashed petitioner's habeas corpus petition on ground that petitioner fully litigated claim on direct appeal from judgment of conviction), cert. denied, 216 Conn. 816, 580 A.2d 60 (1990). "Although the doctrine of res judicata in its fullest sense bars claims that *could have been raised* in a prior proceeding, such an application in the habeas corpus context would be unduly harsh. . . . Unique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Foremost among those considerations is the interest in making certain that no one is deprived of liberty in violation of his or her constitutional rights. . . . With that in mind, we limit the application of the doctrine of res judicata in circumstances such as these to claims that actually have been raised and litigated in an earlier

proceeding." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Thorpe* v. *Commissioner of Correction*, supra, 778–79 n.7.

Here, the petitioner sought habeas review of two claims that were unequivocally raised, litigated and decided on direct appeal from his judgment of conviction. In his first claim, the petitioner alleged the following: Before trial, the court permitted the petitioner's privately retained counsel to withdraw from the case. Rather than retain new counsel, the petitioner decided to represent himself. Realizing that the correctional facility at which he was being held lacked the resources necessary to prepare for trial, he asked to be transferred to another facility. The court granted his request, but later reversed its decision, per the request of the commissioner of correction, and had the petitioner transferred back to a facility with inadequate resources. Because of that decision, the petitioner alleged that he could not prepare adequately for trial and therefore was denied his constitutional right to a fair trial. He also alleged that he "appealed this issue and argued he was prevented from adequately preparing for his trial." Indeed, he did.

On direct appeal from his judgment of conviction, the petitioner "challenge[d] the order of the trial court, *Barry, J.*, vacating its previous order, which had granted the [petitioner's] pro se motion to be transferred to another correctional facility in order to gain access to a law library." *State* v. *Fernandez*, supra, 254 Conn. 639. That order, he claimed, "resulted in the failure of the state to fulfill its constitutional obligation to provide pro se criminal defendants with access to the courts." Id. Our Supreme Court disagreed, holding that the petitioner "was not constitutionally entitled to access to a law library in order to have meaningful access to the courts." Id., 640. Because there is no difference (apart from slight variations in wording)

between the claim raised, litigated and decided on direct appeal and that alleged in the habeas proceeding, the habeas court properly concluded that the first claim in the petitioner's amended petition was barred by the doctrine of res judicata.

The petitioner premised his second claim on the trial court's decision to allow defense counsel to withdraw his appearance. He alleged that, in doing so, the court failed to comply with the rules of practice, failed to give him adequate notice, and failed to articulate its decision properly. According to the petitioner, "this decision effectively denied [him] the right to be represented by counsel, when it allowed [his] privately retained counsel to withdraw from the case in violation of the sixth amendment [to the United States constitution] and article first, § 8, of the Connecticut constitution." As in his first claim, the petitioner alleged that "this issue was appealed." Again, he is correct.

On direct appeal from his judgment of conviction, the petitioner claimed that "the trial court, *Espinosa, J.*, abused its discretion in granting [defense counsel's] motion to withdraw." *State* v. *Fernandez*, supra, 254 Conn. 646. The petitioner further claimed that "the trial court, *Espinosa, J.*, failed to comply with Practice Book (1978-1997) § 632 by: (1) allowing [the petitioner's defense counsel] to withdraw notwithstanding the fact that he had not filed a written motion requesting permission to withdraw; and (2) failing to assert with any degree of specificity good cause in support of its decision to grant [counsel's] oral motion to withdraw." Id. The petitioner argued that, "as a result of the court's alleged failure to comply with Practice Book (1978-1997) § 632, he was deprived of his right to counsel under article first, § 8, of the constitution of Connecticut and under the sixth and fourteenth amendments to the United States constitution." Id., 646–47. In rejecting the petitioner's claim, our Supreme Court concluded that:

"(1) the trial court, *Espinosa, J.*, did not abuse its discretion in granting [defense counsel's] motion to withdraw; and (2) although the trial court, *Espinosa, J.*, violated Practice Book (1978-1997) § 632 in failing to require [counsel] to file a written motion to withdraw, the [petitioner] suffered no harm from that Practice Book violation, and, consequently, he was not deprived of his constitutional right to counsel." Id., 647. It is abundantly clear that the second claim in the petitioner's amended petition was raised, litigated and decided on direct appeal from his judgment of conviction. As such, the habeas court correctly prevented the petitioner from relitigating that claim, as it was barred by the doctrine of res judicata.

The petitioner argues nonetheless that the habeas court erred in dismissing his claim because he was entitled to an evidentiary hearing to create a record and to establish his claims. His argument is premised on the faulty assumption that our Supreme Court has not already addressed and disposed of his claims. The petitioner in *Smith* v. *Liburdi*, supra, 22 Conn. App. 562, made the same incorrect assumption. In that case, the petitioner was convicted of sexual assault in the first degree. Our Supreme Court affirmed the conviction, and the petitioner filed a petition for a writ of habeas corpus. Id., 563. The habeas court quashed the habeas petition because the petitioner failed to state a cause of action on which relief could be granted. Id. On appeal, the court noted: "In the present action, *the petitioner seeks to establish an evidentiary record* in order to resolve an issue he incorrectly assumes the Supreme Court left undecided in [his original appeal]." (Emphasis added.) Id. The allegedly unresolved issue was whether the petitioner's imprisonment was illegal because the state used his post-*Miranda* silence to imply a false statement. Id. According to the court, "the Supreme Court clearly and emphatically disposed of [that] issue by stating, '[t]he

testimony does not indicate that the defendant remained silent or failed to respond to any question asked.' " Id.

In the present case, as already discussed, our Supreme Court "clearly and emphatically" addressed and disposed of the claims set forth in the petitioner's amended petition. Thus, the habeas court properly refused to conduct an evidentiary hearing on claims that it correctly decided were barred by the doctrine of res judicata.

The petitioner also argues that the habeas court erred in dismissing his amended petition because it failed to address his claim that he was denied effective assistance of counsel. Specifically, he contends that a narrow interpretation of the two claims in his amended petition can lead one to argue that our Supreme Court has already decided those claims; however, "a slightly broader view of his claims shows that the petition . . . allege[s] a deprivation of effective representation by counsel . . . ." We disagree with the petitioner.

We begin by reciting the legal principles that guide our assessment of the petitioner's argument. "In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. . . . The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence

to decide claims not raised. . . . *The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Holley v. Commissioner of Correction,* 62 Conn. App. 170, 181, 774 A.2d 148 (2001).

To support his argument that the habeas court should have read the claims in his amended petition to include a claim of ineffective assistance of counsel, the petitioner cites a single allegation from his pleading: that the trial court "effectively denied [him] the right to be represented by counsel, when it allowed [his] privately retained counsel to withdraw from the case in violation of the sixth amendment [to the United States constitution] and article first, § 8, of the Connecticut constitution."[1] That allegation focuses not on defense counsel's conduct but on the court's conduct—hence the allegation, two paragraphs later, that his "incarceration is illegal in that his convictions and sentence were obtained *as a result of the court's violation* of the petitioner's federal and state constitutional rights." (Emphasis added.) Furthermore, having thoroughly reviewed the petitioner's amended petition, we can state unequivocally that the petitioner did not raise a claim of ineffective assistance of counsel. That said, the petitioner would have us review a claim that was not alleged in his amended petition and that was not mentioned in the habeas court's memorandum of deci-

---

[1] In further support of his argument, the petitioner notes that, in his direct appeal, our Supreme Court concluded that his defense counsel had neglected to file a written motion to withdraw and therefore violated Practice Book § 632, now § 3-10. He also notes that the transcript of the proceeding at which the trial court permitted defense counsel to withdraw reveals that the petitioner was not privy to the discussions that led the state to agree that the court should permit counsel to withdraw. Although the petitioner alluded to these facts in his amended petition, he did so in the context of his constitutional claim against the court—not against his counsel.

sion. That we will not do. See *Giannotti* v. *Warden,* 26 Conn. App. 125, 126 n.1, 599 A.2d 26 (1991) (because petitioner never alleged ineffective assistance of appellate counsel claim in habeas petition, court refused to review unarticulated claim raised for first time on appeal), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992).

We conclude that, by dismissing the petitioner's amended petition, the habeas court correctly prevented the petitioner from relitigating claims in a habeas proceeding that were raised, litigated and decided on direct appeal from his judgment of conviction and that were therefore barred by the doctrine of res judicata. The petitioner has had his day in court; see *Smith* v. *Liburdi,* supra, 22 Conn. App. 564; at least insofar as these claims are concerned.

The judgment is affirmed.

In this opinion the other judges concurred.