#25891-a-DG

**2012 S.D. 10**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JEANIE WEEKLEY,                    Plaintiff and Appellee,

  v.

ROBERT J. WAGNER,                  Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JON R. ERICKSON
Judge

\* \* \* \*

TODD D. BOYD
GREGORY J. STOLTENBURG of
Gunderson, Evenson, Boyd
  Knight & Stoltenburg, LLP            Attorneys for plaintiff
Clear Lake, South Dakota               and appellee.

RICHARD O. GREGERSON
JAMES A. POWER of
Woods, Fuller, Shultz
  and Smith PC                         Attorneys for defendant
Sioux Falls, South Dakota              and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 23, 2011

OPINION FILED **02/08/12**

#25891

GILBERTSON, Chief Justice

[¶1.]        Robert Wagner (Wagner) appeals a judgment for Jeanie Weekley (Weekley) in her action for breach of fiduciary duty in the administration of an estate.  We affirm.

## Facts and Procedural History

[¶2.]        This is the fourth appeal in connection with the estate of Walter L. Brownlee, Sr.  (Brownlee).  *See In re Estate of Brownlee* (*Brownlee I*), 2002 S.D. 142, 654 N.W.2d 206; *Wagner v. Brownlee* (*Brownlee II*), 2006 S.D. 38, 713 N.W.2d 592; *Weekley v. Prostrollo* (*Brownlee III*), 2010 S.D. 13, 778 N.W.2d 823.  The historical facts have been set forth in our prior decisions and are recounted here.  Brownlee died testate on August 17, 1997.  Before his death, Brownlee created a trust for the benefit of his children and grandchildren.  He also attempted to transfer some heavy construction equipment he owned to his son Randy (Randy) by a bill-of-sale.

[¶3.]        Brownlee's will was filed for probate on September 3, 1997.  Jerry Prostrollo (Prostrollo) was appointed as Brownlee's personal representative on September 24.  Brownlee's will devised his certificates of deposit, his residence, and most of his personal property to Weekley, his long-time companion.  Most of Brownlee's estate, however, passed into the trust he had created for the benefit of his children and grandchildren.

[¶4.]        After Brownlee's death, disagreements arose between Weekley and Brownlee's children.  There was a dispute over the validity of the transfer of the construction equipment, valued at approximately $171,000, to Randy.  There was also a dispute over the respective tax liabilities of the estate and trust.  Weekley

petitioned the circuit court to interpret Brownlee's will and to set aside the transfer of the construction equipment. The circuit court issued its decision on these matters which Weekley and Randy cross-appealed to this Court in *Brownlee I*. On November 12, 2002, while *Brownlee I* was still pending before this Court, Prostrollo resigned as personal representative of the estate for health reasons and Robert Wagner (Wagner) was appointed his successor.[1]

[¶5.] This Court entered its decision in *Brownlee I* on November 20, 2002. We affirmed the circuit court's disallowance of the transfer of the construction equipment to Randy and further held the state inheritance taxes and federal estate taxes should be apportioned among the beneficiaries. Following our decision, the estate commenced an action against Randy and Weekley to recover the construction equipment and apportion the taxes. Weekley counterclaimed for interest on her unpaid devise of the certificates of deposit and also sought interest on $25,000 in personal funds she had provided to help administer the estate. In addition, she sought an award of more than $76,000 in attorney's fees incurred in the estate litigation, including the prior appeal. The circuit court granted Weekley's request for attorney's fees related to her efforts in setting aside the transfer of the construction equipment, but denied her request for interest on her unpaid devise and the $25,000 she had provided to help administer the estate. Weekley appealed the circuit court's decision to this Court in *Brownlee II*.

---

1.   Formal letters naming Wagner as the successor personal representative were not issued until November 25, 2002, or filed until December 5, 2002.

[¶6.]        This Court issued its decision in *Brownlee II* on April 12, 2006.  We affirmed the circuit court's denial of Weekley's attorney's fees relating to the tax apportionment issue and denied her request for her appellate attorney's fees in *Brownlee I* on procedural grounds.  We also held that the circuit court erred in denying Weekley interest on her unpaid devise and on the $25,000 she had provided for administration of the estate.  In addition, we awarded Weekley one-half her request for appellate attorney's fees for *Brownlee II*.

[¶7.]        In May 2006, following *Brownlee II*, Weekley entered into a stipulated judgment against the estate for $168,223.74, plus post-judgment interest, representing the amount Weekley was owed for her devise, her attorney's fees, her appellate attorney's fees, and interest due to the delay in receiving her devise.  In August 2006, Weekley brought suit against both Prostrollo and Wagner for breach of their fiduciary duties in administering the estate.

[¶8.]        Weekley's lawsuit was tried to the circuit court in January 2008.  The parties did not dispute that the estate owed Weekley $168,223.74, however, the estate did not have the funds to pay her.  Weekley argued that because Prostrollo and Wagner negligently handled certain affairs of the estate, breaching their fiduciary duties, they should be jointly and severally liable for the loss she suffered. The circuit court found neither Prostrollo nor Wagner were negligent in their handling of the tax issues concerning the estate.  It further found Prostrollo was not negligent for failure to take possession of, or to preserve the construction equipment because *Brownlee I*, which decided ownership of the equipment, was not issued until after Prostrollo's tenure.

[¶9.]    With regard to Wagner, the circuit court found his failure to inspect, inventory, collect, and manage the construction equipment after issuance of *Brownlee I* was a breach of his fiduciary duty.[2]  However, the circuit court held it could not reasonably calculate Weekley's damages against Wagner and awarded her nothing.  Weekley appealed the circuit court's decision to this Court in *Brownlee III*.

[¶10.]    This Court issued its decision in *Brownlee III* on February 10, 2010.[3] The Court affirmed the circuit court's determinations as to negligence and breach of fiduciary duty by Prostrollo and Wagner.  However, it reversed the circuit court's determination that Weekley failed to prove her damages by Wagner to a reasonable certainty.  Accordingly, it remanded the case to the circuit court with instructions "to determine with reasonable certainty Weekley's damages consistent with this opinion." *Brownlee III*, 2010 S.D. 13, ¶ 29, 778 N.W.2d at 831.

[¶11.]    Following this Court's remand in *Brownlee III*, the circuit court accepted briefs on the damages issue and conducted a hearing on October 29, 2010. The court subsequently entered a memorandum opinion and findings of fact and conclusions of law incorporating its memorandum and calculating Weekley's

---

2.    Although *Brownlee I* was issued at about the same time Wagner became personal representative in November 2002, Wagner did not take possession of the construction equipment and sell it until September 2006, a delay of nearly four years.  The equipment, valued at approximately $171,000 when Brownlee's will was filed for probate in 1997, netted only $26,739.19 at the time of its sale in 2006.

3.    We granted a rehearing in *Brownlee III* on the limited issue of whether the Court was properly composed when it decided the case in view of the retirement of one of the participating justices.  We subsequently determined that the Court was properly composed and that the original opinion should stand as issued.

damages. Based upon its calculations, the court entered its judgment for Weekley on December 29, 2010. The court awarded her damages against Wagner in the amount of $82,535.14 for her unpaid devise, plus prejudgment interest from November 25, 2003, through November 2, 2010, in the amount of $57,299.74, and post-judgment interest commencing November 3, 2010, for a total judgment amount of $139,834.88. Wagner appeals.

### Issue

[¶12.] **Whether the circuit court was clearly erroneous in its damages award.**

[¶13.] "[T]he amount of damages to be awarded is a factual issue to be determined by the trier of fact." *Roth v. Farner-Bocken Co.*, 2003 S.D. 80, ¶ 26, 667 N.W.2d 651, 662 (quoting *Estate of Pamela He Crow*, 494 N.W.2d 186, 192 (S.D. 1992)); *see also Lord v. Hy-Vee Food Stores*, 2006 S.D. 70, ¶ 31, 720 N.W.2d 443, 454 (stating an award of damages is a factual issue). "Damages must be reasonable and must be proved with reasonable certainty." *Lord*, 2006 S.D. 70, ¶ 31, 720 N.W.2d at 454. Reasonable certainty "requires proof of a rational basis for measuring loss," without requiring the trier of fact to speculate. *Id.* This Court reviews the issue of damages under the clearly erroneous standard. *Roth*, 2003 S.D. 80, ¶ 26, 667 N.W.2d at 662 (citing *He Crow*, 494 N.W.2d at 192).

[¶14.] Wagner essentially repeats his argument from *Brownlee III* in this appeal. He asserts Weekley failed to prove her damages with reasonable certainty and that the record contains no evidence permitting any rational estimate of the

amount of her damages. Accordingly, he contends the circuit court's damages award is clearly erroneous and the judgment in Weekley's favor should be reversed.

[¶15.] "[A] question of law decided by [this Court] on a former appeal becomes the law of the case in all its subsequent stages and will not ordinarily be considered or reversed on a second appeal when the facts and the questions of law presented are substantially the same." *Bertelsen v. Allstate Ins. Co.*, 2011 S.D. 13, ¶ 18, 796 N.W.2d 685, 693 (quoting *In re Estate of Siebrasse*, 2006 S.D. 83, ¶ 16, 722 N.W.2d 86, 90). Based upon the law of the case doctrine, we will not reconsider Wagner's recycled arguments from *Brownlee III* in this appeal. As to the propriety of the damages award, the circuit court carefully adhered to this Court's decision in *Brownlee III* in calculating damages on remand. It referenced a number of statements from this Court's decision in its own memorandum decision and in its findings of fact and conclusions of law. The court also focused on the conclusion in *Brownlee III* that, "Wagner's inaction damaged Weekley to the extent of her unpaid devise and interest thereon." 2010 S.D. 13, ¶ 28, 778 N.W.2d at 831. Finding that Wagner had stipulated in proceedings leading to the judgment entered after *Brownlee II* that Weekley's unpaid devise was $82,535.14, the court awarded Weekley that amount as damages.

[¶16.] Also consistent with this Court's instructions in *Brownlee III*, the circuit court awarded Weekley interest on her unpaid devise in the amount of $57,299.74. This represented interest at the Category B statutory rate (SDCL 54-3-16(2)) commencing on November 25, 2003, one year after Wagner's appointment as successor personal representative. The court found the one-year delay for

commencing interest represented sufficient time for Wagner to "expeditiously and efficiently account, inventory, preserve and collect the assets of the estate, including the construction equipment." The unpaid devise of $82,535.14 plus the interest of $57,299.74 after November 25, 2003, yielded the total judgment amount of $139,834.88.

[¶17.] Wagner relies on a single sentence in the closing paragraph of *Brownlee III* as the foundation for his appellate argument. In its closing, this Court remanded the case to the circuit court to calculate damages with the qualification that, "Wagner is not liable for the entirety of Weekley's lost devise and interest, but only the portion attributable to his inactions." *Brownlee III,* 2010 S.D. 13, ¶ 29, 778 N.W.2d at 831. Wagner argues the lack of evidence in the record as to the value of the construction equipment one year after his appointment as personal representative (*i.e.*, at the time of his breach) rendered it impossible for the circuit court to calculate the portion of Weekley's lost devise "attributable to his inactions." Accordingly, he contends Weekley's damages could not be calculated with reasonable certainty even by resolving any doubt against Wagner as the breaching party as also mandated by *Brownlee III*. *Id*. ¶ 28.

[¶18.] The circuit court held Wagner liable for the entirety of Weekley's unpaid devise, *i.e.*, $82,535.14. However, only if the construction equipment would have sold for enough to cover the unpaid devise one year after Wagner's appointment as personal representative (*i.e.*, in November 2003) would Wagner's further delay in recovering and selling the equipment be responsible for the entirety of the unpaid devise. If the equipment would have sold for less at that time, holding

#25891

Wagner liable for the entire unpaid devise would violate this Court's charge in *Brownlee III* that Wagner be held liable only for "the portion [of the lost devise] attributable to his inactions." *Id.* ¶ 29.

[¶19.]     John Foley (Foley), the estate's attorney, testified the construction equipment was originally valued at $172,500 in the estate tax return dated May 18, 1998.  He further testified legal proceedings for the estate to recover the equipment were commenced against Randy in January 2004.  In the complaint initiating those proceedings, Foley alleged that after *Brownlee I*, Randy offered to pay the estate $140,000 for the construction equipment.  Foley testified at trial that Randy made this offer in May 2003, but that the sale never went through.  Foley further testified that if the sale had gone through, the estate would have been able to satisfy its obligation to Weekley.  However, Foley conceded on cross-examination that the estate was also seeking attorney's fees and interest from Randy and that he did not know everything that was encompassed in Randy's offer.  Ultimately, Foley testified the equipment was recovered by the estate in August 2006 and that it sold for a net of $26,739.19 in September 2006.

[¶20.]     Wagner testified that when he became personal representative, it was both his and Foley's opinion that there was not going to be enough to pay Weekley even with the equipment.  Therefore, Wagner elected to negotiate with Randy for Randy to purchase the equipment.  Wagner testified he began negotiations with Randy in April 2003.  Wagner reported by letter to Weekley's counsel in June 2003 that if Randy purchased the equipment there would be sufficient funds to pay Weekley.  However, at trial, Wagner disputed Randy's $140,000 offer for the

-8-

equipment, indicating that the offer was made before his time as personal representative. Wagner testified Randy was offering $120,000 in June of 2003 to "settle everything," "the federal estate tax, the use of the equipment, and the equipment." Ultimately, Wagner testified at trial that, in his opinion, the value of the equipment when he took over as personal representative was $37,750, the gross amount it ultimately sold for in September 2006.

[¶21.]      Prostrollo, a long-time auto dealer, also testified during trial. Although he did not provide any testimony as to the specific value of the equipment at the pertinent time, it is notable that his testimony indicated he was familiar with the equipment when Brownlee was alive, that it was "good equipment," and that it was "worth the money that it was [originally] appraised for and then some probably."

[¶22.]      A circuit court's findings are clearly erroneous when, after a review of all the evidence, this Court is "left with a definite and firm conviction that a mistake [has been] made." *Russo v. Takata Corp.*, 2009 S.D. 83, ¶ 25, 774 N.W.2d 441, 448. In making its determination, this Court reviews "the evidence in a light most favorable to the [circuit] court's findings and resolve[s] all conflicts in the evidence in its favor[.]" *Phipps v. First Fed. Sav. & Loan Ass'n of Beresford*, 438 N.W.2d 814, 819 (S.D. 1989). Moreover, in this particular case, any lack of exactitude in the circuit court's calculation of damages was because of Wagner's delay in timely recovering and selling the estate's construction equipment. Thus, any doubt as to the certainty of damages must be resolved against Wagner as the

breaching party whose acts made computing damages more difficult. *See Brownlee III*, 2010 S.D. 13, ¶¶ 28-29, 778 N.W.2d at 831.

[¶23.]    Based upon these standards and the foregoing evidence and testimony, we hold that the circuit court's damages award is not clearly erroneous. Both Foley's and Wagner's testimony generally supports the view that, had Wagner timely recovered and sold the estate's construction equipment by November 2003, the proceeds would have been sufficient to cover Weekley's unpaid devise. Wagner himself advised Weekley's counsel by letter in June 2003 that if Randy purchased the equipment, there would be sufficient funds to "make payment to [Weekley]." In view of that advice at the time, Wagner's later opinion at trial, offering a much lower value for the equipment and describing some of it as "junk," rings hollow.[4]

---

4.    The dissents ignore the current procedural posture of this case. Justice Zinter criticizes Weekley and the circuit court for ignoring the supposed mandate of this Court on remand in *Brownlee III* that Weekley prove her damages with reasonable certainty. This Court *did not*, however, remand in *Brownlee III* for a new trial on damages or for the taking of additional evidence on damages. The significant point of disagreement in *Brownlee III* was whether Weekley presented sufficient evidence in the first trial to establish her damages. The circuit court held that she did not and awarded her nothing. Over two dissents on this very point in *Brownlee III*, the majority of this Court held the circuit court erred in that determination, stating: "That *sufficient evidence has been presented for the court to determine the extent of Weekley's damages* is supported by this Court's decision in *Brownlee II*, where we found that Weekley was damaged as a result of the estate's actions in failing to timely recover the construction equipment." *Brownlee III*, 2010 S.D. 13, ¶ 27, 778 N.W.2d at 831 (emphasis added). And further: "It is reasonable for the finder of fact to consider that because Weekley was entitled to recover interest under SDCL 21-1-13.1 for being damaged by the estate's failure to recover the construction equipment, Wagner's inaction damaged Weekley to the extent of her unpaid devise and interest thereon." *Id.* ¶ 28. On these foundations, this Court remanded in *Brownlee III* with instructions for the circuit court to "determine with

(continued…)

**Appellate Attorney's Fees**

[¶24.]     Weekley's counsel has filed a motion for an award of appellate attorney's fees in the amount of $2,973.30. Although counsel has submitted an itemized statement of legal services rendered per SDCL 15-26A-87.3, he has cited no authority for an award of fees on a claim of negligence and breach of fiduciary duty by a personal representative. Therefore, as in *Brownlee III*, the motion for fees is waived. 2010 S.D. 13, ¶ 30, 778 N.W.2d at 831.

_____

(…continued)

reasonable certainty Weekley's damages consistent with this opinion." *Id.* ¶ 29. It was undoubtedly for these reasons that the circuit court's findings and conclusions on remand dutifully echoed this and other language quoted from *Brownlee III*. The circuit court could not, however, view *Brownlee III* as a remand for a new trial on damages because *Brownlee III* did not say that and such a disposition would have violated the string of authorities cited in footnote 9 of Justice Zinter's dissent forbidding a "second bite at the apple." *See, e.g., State v. Mollman*, 2003 S.D. 150, ¶ 12, 674 N.W.2d 22, 27 (prohibiting the party with the burden of proof from having another "bite at the apple" because he was given ample opportunity to prove his claim but failed to do so); *see also Stugelmayer v. Ulmer*, 260 N.W.2d 236, 240 (S.D. 1977) (denying the plaintiff/appellant's request for this Court to remand the case to the circuit court for a further determination of damages where the plaintiff initially failed to show any damages and should not be given another opportunity to do so). Although both dissents criticize the absence of evidence and findings on remand as to the value of the equipment at the time of the breach, such evidence was deemed not to be decisive in *Brownlee III*. *See Brownlee III*, 2010 S.D. 13, ¶ 25, 778 N.W.2d at 830 (holding the circuit court "mistakenly concluded" Weekley failed to prove her damages with reasonable certainty because she presented no evidence of the equipment's value at the time of Wagner's breach). Thus, the circuit court was clearly confined on remand after *Brownlee III* to the evidence it already had before it, evidence this Court had already held was sufficient to determine Weekley's damages. That is the evidence we set forth above and, in conjunction with the presumptions set forth in *Brownlee III* concerning resolution of damages issues against the party making that task more difficult, the evidence we hold to be sufficient here to support the circuit court's damages award. *See Brownlee III*, 2010 S.D. 13, ¶ 28, 778 N.W.2d at 831.

[¶25.]     Affirmed.

[¶26.]     SEVERSON, Justice, and MEIERHENRY, Retired Justice, concur.

[¶27.]     KONENKAMP and ZINTER, Justices, dissent.

[¶28.]     WILBUR, Justice, did not participate.


KONENKAMP, Justice (dissenting).

[¶29.]     Once again, we should remand this case because the circuit court failed to determine with reasonable certainty the extent of Weekley's damages attributable to Wagner's breach. Even though doubts in calculating such damages are to be resolved against Wagner, the circuit court was still required to identify evidence to support how Wagner's breach with respect to the equipment damaged Weekley. After our last remand, however, the court merely quoted language from *Brownlee III* and concluded that Weekley was in fact damaged by Wagner to the full extent of her devise. The court then valued Weekley's devise based on a stipulation Wagner executed in his capacity as personal representative of the Estate. How that stipulation proves that Wagner's inaction with respect to the equipment caused $82,535.14 in damages to Weekley is not evident from the court's findings of fact and conclusions of law.

[¶30.]     A possible reason the circuit court failed to analyze the evidence to reach a damages valuation can be found in the court's statement in its memorandum decision that "[t]he issue to be determined in this case was the amount of compensation to be awarded to the defendant for the breach of duty to provide her with her devise." *Brownlee III*, however, held that Wagner breached his

-12-

duty to take possession of or preserve the equipment after *Brownlee I.*  2010 S.D. 13, ¶ 29, 778 N.W.2d 823, 831.  We further recognized that while that breach damaged Weekley, it did not necessarily damage her to the full extent of her devise. Indeed, Wagner is only liable to Weekley for $82,535.14 if the equipment would have sold for $82,535.14 or more a year after Wagner was appointed as the personal representative.  Looking at the court's memorandum decision, findings of fact and conclusions of law, there is no evidence cited on the value of the equipment. Because the circuit court did not identify evidence to support its damages award, the court failed to follow this Court's directive from *Brownlee III*, and the case should be reversed and remanded.

ZINTER, Justice (dissenting).

[¶31.]     Weekley's damage theory is that if "the construction equipment [had] been timely collected and preserved there would have been sufficient sums to pay Weekley her [entire] devise and pay the costs of administration and debts of the estate."  There is no dispute that the only alleged delay occurred between November 2003 and September 2006.  Had I participated[5] in *Weekley v. Prostrollo* (*Brownlee III*), 2010 S.D. 13, 778 N.W.2d 823, I would have joined the dissent.  *See id.* ¶¶ 35-49 (Jensen, Cir. J., dissenting in part) (concluding that the circuit court did not clearly err in finding that Weekley failed to prove with reasonable certainty that

---

5.    I recused myself in *Brownlee III* for a conflict unrelated to Wagner's liability for damages caused by his delay in collecting and selling the construction equipment.  The conflict does not exist in this appeal.

she did not receive her entire unpaid devise as a result of Wagner's delay in selling the equipment). In my view, the circuit court's original decision, which was reviewed in *Brownlee III*, was correct. It was correct because Weekley introduced no evidence from which the value of the equipment at the time she claimed it should have been sold could have been determined. Indeed, her position at the first trial was that she had no "duty to have to show what the value of the equipment was at the time Mr. Wagner took over." Unquestionably, as the party claiming damages for negligence and breach of fiduciary duty, Weekley had the duty to prove her theory of damages.

[¶32.] But if we are to follow *Brownlee III*, we must follow all of it, especially *Brownlee III's* mandate that on remand Weekley had the duty to prove damages with reasonable certainty. This Court very clearly warned that "Wagner [was] not liable for the entirety of Weekley's lost devise and interest, but only the portion attributable to his inactions. Accordingly, the matter [was] remanded for the circuit court to determine with reasonable certainty Weekley's damages consistent with this opinion." *Id.* ¶ 29 (majority opinion).

[¶33.] Notwithstanding this explicit mandate, on remand, Weekley identified no evidence from which one could attribute the portion of the devise that was lost due to Wagner's inaction in collecting and selling the equipment from 2003 to 2006. Instead, Weekley continued to take the position that she had no duty to prove her

theory of damages.[6] Weekley argued that *Wagner v. Brownlee* (*Brownlee II*), 2006 S.D. 38, 713 N.W.2d 592, and *Brownlee III* had "conclusively established" that Weekley's causally related damages were the full amount of the devise, and the only reason for the remand was to calculate interest. But there is no language in *Brownlee III* to support this argument. Had there been such language in *Brownlee III*, there would have been no need for this Court's remand and unequivocal warning that Wagner was not liable for the entire amount of the devise, but only for the portion that could be proven to be attributable to Wagner's delay in collecting and selling the equipment between 2003 and 2006.

[¶34.] In this appeal, Weekley continues with her argument that she had no duty to prove causally related damages. Thus, she fails to even cite evidence from the trial or remand hearing that could support a claim that the value of the equipment declined by any amount between 2003 and 2006. Although this Court relies on testimony from Foley and Wagner to support a diminution in value claim, that testimony was not relied upon by either Weekley in her brief to this Court or the circuit court in its findings of fact and conclusions of law following the hearing on remand. That is most likely because Foley's and Wagner's testimony does not establish that the failure to pay the entire amount of the unpaid devise was attributable to a devaluation of the equipment occurring between 2003 and 2006.

---

6. In light of Weekley's continuing legal position that she had no obligation to prove the amount of her lost devise that was attributable to Wagner's inactions, I find no fault with the fact that Wagner has repeated much of "his argument from *Brownlee III* in this appeal." *Cf. supra* ¶ 14.

[¶35.] In the first trial, Wagner did testify that Randy Brownlee offered $120,000 in June 2003 to "settle everything," which included the purchase of the equipment. Foley also indicated that Randy made an offer of $140,000 in May 2003, which would have been enough to pay Weekley's devise. However, the record reflects that at the time of those offers, the estate was also suing Randy for attorney's fees, compensation for his use of the equipment, interest, and a substantial federal estate tax obligation Randy had failed to pay. And, neither Foley nor Wagner was asked to separate the amount offered for the equipment from the amount offered to settle all other claims against Randy. Therefore, Wagner's and Foley's testimony did not purport to establish the amount by which the value of the equipment declined between the time Weekley contended it should have been sold in 2003 and the time it actually sold in 2006.[7]

[¶ 36.] Moreover, the question in this appeal is whether on remand from *Brownlee III,* the circuit court's findings now identify with reasonable certainty that the equipment declined in value between 2003 and 2006 in an amount equal to or exceeding Weekley's unpaid devise. This Court finds in the affirmative, concluding that the circuit court was not "clearly erroneous." *Supra* ¶ 23. But the clearly erroneous standard of review does not apply because the circuit court entered no

---

7. The Court notes that Wagner wrote a letter to Weekley's attorney in June 2003, indicating that Randy Brownlee's purchase of the equipment would be sufficient "to pay Weekley." *Supra* ¶ 20. Actually, the letter stated that if Randy purchased the equipment there would be sufficient funds "to make payment" to Weekley. The letter does not, however, indicate the amount of that payment or to which of the various claims against Randy the payment would be applied. The letter proves no decline in value of the equipment occurring between November 2003 and September 2006.

evidentiary "findings of fact" supporting that conclusion. The circuit court's material "findings" consist of nothing but conclusions of law, *i.e.*, quotations from *Brownlee III*.

[¶ 37.] The Court contends that the circuit court's "findings" are sufficient because they "echoed [*Brownlee III*] and other language quoted from [that decision]." *See supra* note 4. The Court also indicates that the circuit court should be affirmed because no retrial was ordered, and the evidence today's majority identifies (the Wagner and Foley evidence) together with the presumptions against Wagner are "sufficient to determine Weekley's damages." *See id.* The Court is incorrect.

[¶ 38.] First, as previously mentioned, the Wagner and Foley evidence was not relied upon by the circuit court, and even if it was, it does not establish the amount the equipment declined in value during the relevant three-year period. More importantly, relying upon the predecessors to SDCL 15-6-52, this Court has long held that "[w]hen issues of fact are triable by the court, the parties are entitled to a finding of fact upon each material issue of ultimate fact properly presented by the pleadings." *Ellens v. Lind*, 65 S.D. 620, 277 N.W. 40, 42 (1937). But the circuit court's quotations from *Brownlee III* are insufficient as a matter of law to constitute findings of fact. SDCL 15-6-52(a) requires that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall . . . find the facts specially and state separately its conclusions of law thereon." Clearly, the circuit court's quotations of this Court's conclusions in *Brownlee III* are not findings of historical

fact on the material issue in the case; *i.e.*, the amount by which the equipment declined in value between 2003 and 2006.[8]

[¶39.] Because "the circuit court . . . [failed to] determine with reasonable certainty Weekley's damages consistent with" the remand requirement that "Wagner [was] not liable for the entirety of Weekley's lost devise and interest, but only the portion attributable to his inactions," *Brownlee III*, 2010 S.D. 13, ¶ 29, 778 N.W.2d at 831, I would reverse.[9] Weekley erred as a matter of law in taking the

---

8. Considering this Court's decision in *Brownlee III* together with Weekley's position that she had no obligation to prove the decline in value of the equipment at trial or on remand, the circuit court cannot be faulted for entering "findings of fact" on remand consisting of quotations from *Brownlee III*. *Cf.* Justice Konenkamp's dissent ¶¶ 29-30 (observing that the circuit court "was still required to identify *evidence* to support how Wagner's breach with respect to the equipment damaged Weekley," but there are no findings citing *evidence* on the value of the equipment) (emphasis added). Although Weekley had the burden of proof on this issue, she did not argue to the circuit court that there was evidence from the trial or the remand hearing establishing the value of the equipment at the time she claimed it should have been sold. Indeed, Weekley fails to argue that such evidence exists in her brief to this Court. Because of this failure and Weekley's erroneous legal position, the circuit court was provided no historical facts upon which it could have entered evidentiary findings attributing a loss in value attributable to the period between November 2003 and September 2006.

9. I do not join Justice Konenkamp's view that this matter should be remanded yet again for a third opportunity for Weekley to prove her claim. "It is well established that a plaintiff is limited to only one opportunity to prove its claim." *City of Danbury v. Dana Inv. Corp./Lot No. GO8065*, 257 Conn. 48, 57-58, 776 A.2d 438, 443 (2001) (noting that a further remand is not warranted where, following one hearing on remand, the plaintiff was given the opportunity to present evidence on its claim but failed to do so). We follow the same rule. *See State v. Mollman*, 2003 S.D. 150, ¶ 12, 674 N.W.2d 22, 27 (prohibiting the party with the burden of proof from having another "bite at the apple" because he was given ample opportunity to prove his claim but failed to do so); *State v. Aspen*, 412 N.W.2d 881, 884 (S.D. 1987) (observing that having "failed in its first evidentiary showing," the party with

(continued…)

position at trial and on remand that she had no duty to prove her theory of damages when suing for negligence and breach of fiduciary duty. Even though *Brownlee III* held that Weekley suffered some damages in fact, she did not even attempt to fulfill her duty of proving the amount of those damages with reasonable certainty by establishing that the failure to pay her entire unpaid devise was caused by a decline in the value of the equipment occurring between November 2003 and September 2006.[10] I therefore dissent.

---

(…continued)
> the burden of proof "must be prevented from ameliorating its weak and deficient original evidentiary proof to now" be entitled to another hearing to prove its claim).

10. In light of Weekley's legal position that she had no duty to prove her theory of damages, one need not review the factual evidence supporting the circuit court's original decision. However, it is noteworthy that if one reviews all of the evidence in the original trial record, including the testimony of Jerry Prostrollo concerning the value of the equipment around the time of Walter Brownlee's death, it is more likely that most of the devaluation of the equipment occurred during the six years between 1997 and 2003 than the three years between 2003 and 2006.