KONENKAMP, Justice (on reassignment).
[¶ 1.] A beneficiary brought suit against an estate’s personal representatives. She alleged breach of fiduciary duty and negligence. After a bench trial, the circuit court ruled in favor of the personal representatives. On appeal, we affirm in part, reverse in part, and remand.
Background
[¶ 2.] Walter Brownlee, Sr. died testate on August 17, 1997. His will devised all his Certificates of Deposit, his residence, and most of his personal property to his long-time companion, Jeanie Weekley. The bulk of Brownlee’s estate, however, passed into a trust for the benefit of his children and grandchildren. Since Brown-lee’s death, his estate has been the subject of two decisions by this Court. In re Estate of Brownlee (Brownlee I), 2002 SD 142, 654 N.W.2d 206; Wagner v. Brownlee (Brownlee II), 2006 SD 38, 713 N.W.2d 592.
[¶ 3.] In Broumlee I, we examined, among other things, whether the terms of Brownlee’s will and trust prescribed that federal and state taxes would be paid by the principal of the trust. Based on the language of the trust and will, we concluded that the beneficiaries were responsible for the state inheritance taxes attributable to the property they received. The federal taxes, however, were to be equitably apportioned among the beneficiaries under SDCL 29A-3-916. Broumlee I, also considered whether Brownlee’s pre-death execution of a Bill of Sale to his son, Randy Brownlee, for certain construction equipment was a gift. Because Randy failed to establish all the elements of a gift, we affirmed the circuit court’s conclusion that the Bill of Sale was an ineffective gift of the construction equipment. At the time of Brownlee’s death, therefore, the equipment became part of the estate.
[¶ 4.] After Broumlee I, the estate initiated an action to recover the equipment and to apportion the inheritance taxes.[1] Weekley counterclaimed for interest on *826 her unpaid devise of the certificates of deposit, as well as interest on $25,000 of personal funds that she provided to help administer the estate. She also sought an award of more than $76,000 in attorney’s fees that she incurred in the estate litigation, including the prior appeal. See Brownlee II, 2006 SD 38, ¶ 7, 713 N.W.2d at 595. The circuit court granted Week-ley’s fees related to her efforts in setting aside the transfer of the construction equipment and denied her request for interest on her unpaid devise and the $25,000 she provided to help administer the estate.
[¶ 5.] Weekley appealed to this Court. She challenged the court’s denial of her attorney’s fees request for her efforts regarding the inheritance tax apportionment. In Brownlee II, we affirmed the court’s denial of fees, concluding that “[b]eeause Weekley was the only beneficiary that would have avoided any tax liability under her theory, it was not an abuse of discretion for the circuit court to conclude that her efforts were primarily for her own financial gain rather than for the benefit of the estate, notwithstanding any alleged effort to effectuate the testator’s intent.” Id. ¶ 19. We also denied her request for appellate attorney’s fees incurred in Brownlee I, as she failed to request those fees in that appeal.
[¶ 6.] As for Weekley’s claim that the court erred when it denied her interest on her unpaid devise and the $25,000 contribution to the estate, we held that she indeed incurred damages by the estate’s inexplicable non-action. “[N]o justification has been presented for the estate’s failure to recover the equipment and pay Week-ley’s claims as expeditiously and efficiently as is consistent with the best interests of the estate[.]” Id. ¶ 26. Therefore, she was entitled to “interest on the amount of her unpaid devise and on the $25,000 she provided for the administration of the estate.” Id. We also awarded Weekley one-half her request for appellate attorney’s fees for Brownlee II.
[¶ 7.] Following Brownlee II, a judgment was entered against the estate in favor of Weekley awarding her $168,223.74, plus post-judgment interest, representing the amount she was owed for her devise, attorney’s fees, appellate attorney’s fees, and interest due to the delay in receiving her devise. Weekley then brought suit against Jerry Prostrollo and Robert Wagner, the past and current personal representatives, for breach of their fiduciary duties in the administration of the estate.[2] According to Weekley, Pros-trollo and Wagner negligently handled the estate’s affairs, causing her to suffer loss to her devise. See SDCL 29A-3-808(b).
[¶ 8.] Following a trial, the circuit court issued a memorandum opinion, and later, findings of fact and conclusions of law. The parties did not dispute that the estate owed Weekley $168,223.74 in interest, her unpaid devise, and attorney’s fees. Nonetheless, the estate did not have sufficient money or assets to pay its obligations to Weekley. She argued that because Pros-trollo and Wagner negligently handled certain affairs of the estate, breaching their fiduciary duties, they should be jointly and severally liable for the loss she suffered.
*827 [¶ 9.] While the circuit court acknowledged that Prostrollo and Wagner owed a fiduciary duty to Weekley, it also considered the fact that in the ten years since Brownlee’s passing much of the delay in the administration of the estate was caused by the hostile relationship between Randy and Weekley. As to the federal estate taxes, the court concluded that Prostrollo did not breach his fiduciary duty to Weekley: Prostrollo was justified in relying on advice of counsel. Similarly, the court held that Wagner did not breach his duty to collect Randy’s portion of the federal estate tax obligation after Brown-lee I. At the time of the court’s decision, a suit by Wagner, against Randy, was pending, and Wagner’s strategy of attempting to negotiate with Randy was deemed legitimate.
[¶ 10.] The circuit court separately considered whether Prostrollo and Wagner were negligent when they failed to take possession or preserve the construction equipment after the circuit court judicially determined the equipment to be part of the estate. Acknowledging that during Prostrollo’s tenure as personal representative, he did not attempt to take possession of the equipment and failed to inventory or independently appraise the equipment, the court held that Prostrollo nonetheless did not breach his fiduciary duty to Weekley. The equipment was appraised shortly after Brownlee’s death at $171,000, but the issue of ownership of the equipment was not raised until almost three years afterwards, which resulted in litigation and an appeal to this Court. Because Brownlee I was not decided until after Prostrollo’s tenure, the court found no negligence.
[¶ 11.] As for the case against Wagner, the court found that his failure to inspect, inventory, collect, and manage the equipment after this Court’s November 2002 Brownlee I decision constituted a breach of his fiduciary duty. But the court held that it could not reasonably calculate Weekle/s damages and thus awarded her nothing. Weekley appeals asserting that the court erred when it concluded that Prostrollo did not breach his fiduciary duty and that both Prostrollo and Wagner were not responsible for her damages.[3]
Analysis and Decision
[¶ 12.] Under SDCL 29A-3-808(b), a personal representative may be held liable for negligent administration of an estate. Personal representatives act in a fiduciary capacity on behalf of those having an interest in the estate. Ward v. Lange, 1996 SD 113, ¶ 15, 553 N.W.2d 246, 251 (quoting Christie v. Bold, 524 N.W.2d 866, 871 (S.D.1994)). Therefore, “[i]f the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from the breach of fiduciary duty.” SDCL 29A-3-712.
[¶ 13.] Weekley claims negligence in: (1) Prostrollo’s duty to collect federal estate taxes, (2) Wagner’s duty to collect federal estate taxes, (2) Prostrollo’s duty with regard to the construction equipment, and (4) Wagner’s duty with regard to the construction equipment. Weekley also asserts that the circuit court erred when it held that it could not calculate her damages to a reasonable certainty.
*828 1. Federal Estate Taxes—Prostrollo
[¶ 14.] Weekley argues that Pros-trollo breached his fiduciary duty when he failed to collect the federal estate taxes Randy owed. Prostrollo responds that he could not have determined what estate taxes Randy owed until after this Court’s ruling in Brownlee I, a decision rendered after his tenure as personal representative. He further contends that he relied on advice of counsel regarding the estate tax issue. The circuit court reviewed the evidence and found that “there was a legal question involving how the federal estate tax should be apportioned between the heirs.” From our review of the record, the court’s finding was not clearly erroneous. The amount of federal estate taxes owed by Randy was in dispute and not resolved by the end of Prostrollo’s tenure. Further, Prostrollo’s reliance on advice of counsel was justified.
2. Federal Estate Taxes—Wagner
[¶ 15.] Wagner succeeded Pros-trollo as personal representative in November 2002, shortly after this Court’s decision in Brownlee I. There, we held that Randy was responsible for a portion of the federal estate taxes. The amount of his obligation, however, is still in dispute and a lawsuit, brought by Wagner, is pending. Nonetheless, Weekley claims that Wagner acted negligently by waiting five years to attempt to collect the federal estate taxes from Randy.
[¶ 16.] After Brownlee I, Wagner sought legal advice on, among other things, Randy’s federal estate tax obligation. Counsel and Wagner concluded that settlement negotiations with Randy would be in the best interest of the estate. The circuit court agreed, finding that the decision to negotiate was a legitimate strategy. Moreover, the court found that the delay in and of itself was insufficient for Weekley to establish negligence.
[¶ 17.] The court’s findings and conclusions are supported by the record. Week-ley does not claim that Wagner has been negligent in his handling of the lawsuit against Randy to determine the amount of taxes owed. She merely claims that the lapse from Brownlee I to Wagner’s decision to bring suit against Randy constitutes negligence. She cites no authority to support that a delay alone constitutes negligence. Moreover, to what extent Randy is obligated to pay federal estate taxes remains unresolved.
S. Construction Equipment—Pros-trollo
[¶ 18.] Weekley contends that after she filed a petition in 2000 challenging the ownership of the construction equipment, Prostrollo had a duty to collect and preserve the equipment as a potential asset of the estate. She maintains that Prostrollo’s failure to inspect, appraise, or take possession of the equipment constituted negligence, resulting in loss to her as a beneficiary. She also argues that at the very least, after the circuit court’s 2001 decision declaring the equipment to be part of the residual estate, Prostrollo had a duty to appraise, collect, and preserve the assets, which he failed to do.
[¶ 19.] The circuit court recognized that Prostrollo failed to take possession of, appraise, or inventory the construction equipment during his tenure as personal representative. However, because it was appraised shortly after Brownlee’s death and Weekley did not take issue with that appraisal, the court found no negligence. *829 Moreover, the issue of the ownership of the equipment was not raised until almost three years after Brownlee’s death and was litigated beyond Prostrollo’s tenure. Thus, the court found that Prostrollo’s actions did not constitute a breach of his fiduciary duty. Our review of the evidence leads us to conclude that the circuit court was correct. The equipment was appraised shortly after Brownlee’s death and the issue of ownership was not resolved until after Prostrollo’s tenure.
4. Construction Equipment — Wagner
[¶ 20.] Four years after the decision in Brownlee I, declaring the equipment to be part of the residual estate, the equipment was sold at a public auction, netting the estate $26,739.19. Shortly after Brownlee’s death the equipment had been appraised at $171,000. According to Weekley, Wagner breached his fiduciary duty by failing to take possession of or preserve the construction equipment after Brownlee I, which failure caused the equipment to substantially decrease in value and a loss to Weekley. Wagner, on the other hand, claims that after Brownlee I, he and counsel for the estate attempted to negotiate with Randy for the sale of the equipment to him. After negotiations failed, Wagner brought suit against Randy for either the appraised value of the equipment or rent for his use. A jury found in favor of Randy on March 30, 2007, and the estate took nothing. Based on his actions in negotiating with Randy and bringing suit, Wagner alleges that no breach occurred.
[¶ 21.] As the circuit court noted, Wagner conceded that he did not “inspect, collect, possess, insure, or photograph the equipment after legal possession belonged to the Estate.” In November 2002, this Court unequivocally declared that the equipment was part of the residual estate, but Wagner allowed the equipment to remain in Randy’s control. Wagner did not inspect the equipment to determine its value to the estate. He gave no reason for his failure to inspect, inventory or manage the construction equipment. As we wrote in Brownlee II, “the estate has been unable to articulate any legitimate reason for the three year delay, including any reason why there has been no repossession, sale, or collection of rent for use of the equipment.” See 2006 SD 38, ¶26, 713 N.W.2d at 600. Accordingly, we affirm the circuit court’s ruling that Wagner breached his fiduciary duty with respect to the equipment.
5. Damages
[¶ 22.] After concluding that Wagner breached his fiduciary duty, the court held that Weekley failed to prove the amount of her damages with reasonable certainty. According to the court, Week-ley was required to provide evidence of the value of the equipment at the time Brown-lee I was decided to be compared to the value of the equipment at the time of the 2007 sale. The difference between the value post Brownlee I and the date of sale, the court held, would allow a reasonable calculation of damages.
[¶23.] Weekley asserts that the court erred as a matter of law in concluding that she presented insufficient evidence for the court to reasonably calculate her damages. She contends that she had no duty to appraise the equipment post Brownlee I— Wagner had that duty. Weekley insists that her damages can be reasonably calculated based on this Court’s decision in Brownlee II. There, we held that the estate’s failure to repossess, sell, or collect *830 rent for Randy’s use of the equipment caused Weekley to incur a loss and suffer damage. See Brownlee II, 2006 SD 38, ¶ 26, 713 N.W.2d at 600.
[¶ 24.] Once a plaintiff has established the fact she has been damaged, uncertainty over the amount of her damages is not fatal to recovery. See Schmidt v. Wildcat Cave, Inc., 261 N.W.2d 114, 118 (S.D.1977); see also Bigelow v. RKO Radio Pictures, 327 U.S. 251, 265-66, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946); Nat’l Labor Relations Bd. v. Kartarik, Inc., 227 F.2d 190, 192-93 (8thCir.l955). “The rule which precludes recovery of uncertain and speculative damages applies only where the fact of damages is uncertain, not where the amount is uncertain.” Cope v. Vermeer Sales and Service of Colorado, Inc., 650 P.2d 1307, 1309 (Colo.Ct.App.1982); see also Parker Tractor & Implement Co. v. Johnson, 819 So.2d 1234, 1239 (Miss.2002); Tessmar v. Grosner, 23 N.J. 193, 128 A.2d 467, 472 (N.J.1957). In fact, courts have some leeway in calculating damages and a lesser degree of certainty is required to prove tort damages as compared to contract damages. McKie v. Huntley, 2000 SD 160, ¶ 20, 620 N.W.2d 599, 604 (citation omitted); see also Delgado v. Mitchell, 55 S.W.3d 508, 512 n. 4 (Mo.Ct.App.2001); Rhodes v. Rhodes Indust., Inc., 71 Ohio App.3d 797, 595 N.E.2d 441, 448 (1991); Jameson v. Barber, 56 Wis. 630, 14 N.W. 859, 865 (1883) (Cassoday, J., dissenting); see also Restatement (Second) Contracts § 352 (updated 2009).
[¶ 25.] Here, the court mistakenly concluded as a matter of law that Weekley failed to prove damages with reasonable certainty because she presented no evidence of the equipment’s value at the time of Wagner’s breach, after Brownlee I. The difference in the appraised value of the equipment at the time of Wagner’s breach and the 2007 sale is not the measure of Weekley’s damage. That difference in value would provide the court with evidence of what the estate would have realized had Wagner timely recovered the equipment. Knowing what the estate would have realized in increased value absent Wagner’s breach, however, cannot necessarily establish what Weekley would have received as a beneficiary.
[¶ 26.] The court also construed too narrowly the rule of law that one claiming to have been damaged must prove the amount of damage with reasonable certainty. While the statement of the rule is correct, Weekley has conclusively established the fact she has been damaged. Therefore, the uncertainty as to the amount does not destroy her right to recover. Rather, “[fjacts must exist and be shown by the evidence which afford a basis for measuring the loss of the plaintiff with reasonable certainty.” Drier v. Perfection, Inc., 259 N.W.2d 496, 506 (S.D.1977) (quoting Kressly v. Theberge, 79 S.D. 386, 112 N.W.2d 232 (1961); Peter Kiewit Sons’ Co. v. Summit Const. Co., 422 F.2d 242, 261 (8th Cir.1969)). Concededly, the facts of this case do not permit estimating damages with absolute certainty. That, however, does not bar Weekley from recovery, and the court erred as a matter of law in concluding that it did.[4] This is especially true considering that Wagner’s conduct, *831 his breach, is the reason Weekley’s damages cannot be calculated with specificity.
[¶ 27.] That sufficient evidence has been presented for the court to determine the extent of Weekley’s damages is supported by this Court’s decision in Brown-lee II, where we found that Weekley was damaged as a result of the estate’s actions in failing to timely recover the construction equipment. 2006 SD 38, ¶ 26, 713 N.W.2d at 600 (“no justification has been presented for the estate’s failure to recover the equipment and pay Weekley’s claims as expeditiously and efficiently as is consistent with the best interests of the estate”). Based on that damage, the Court awarded Weekley interest on her unpaid devise and $25,000 contribution under SDCL 21-1-13.1. SDCL 21-1-13.1 permits an award of interest in such cases, but only when a person is “entitled to recover damages[.]” Following Brownlee II, the circuit court here found that Wagner breached his fiduciary duty to Weekley for his failure to recover or preserve the equipment. Obviously, Wagner’s actions, which damaged Weekley, are the same actions by the estate that caused her damage in Brownlee II — the failure to recover the construction equipment.
[¶ 28.] It is reasonable for the finder of fact to consider that because Weekley was entitled to recover interest under SDCL 21-1-13.1 for being damaged by the estate’s failure to recover the construction equipment, Wagner’s inaction damaged Weekley to the extent of her unpaid devise and interest thereon. If some doubt persists on the certainty of damages, it is to be resolved against the breaching party: breaching parties cannot complain when the task of computing damages is made more difficult by their own acts. McKie, 2000 SD 160, ¶ 20, 620 N.W.2d at 604 (quoting AFSCME v. Sioux Falls School District, 2000 SD 20, ¶ 14, 605 N.W.2d 811, 815 (citations omitted)). “A wrongdoer cannot complain if his or her conduct ‘creates a situation in which the court must estimate rather than compute [damages].’ ” Electronic Funds Solutions v. Murphy, 134 Cal.App.4th 1161, 36 Cal. Rptr.3d 663, 677 (2005) (quoting Sanchez-Corea v. Bank of America, 38 Cal.3d 892, 215 Cal.Rptr. 679, 701 P.2d 826 (1985)).
[¶ 29.] Considering that Weekley established that she was legally damaged, under the facts of this case, doubt in calculating damages should be weighed against Wagner, because Wagner, as the breaching party, cannot complain when his actions in failing to recover the equipment made the calculation of damages more difficult. It is not too speculative to conclude that Wagner should be responsible to Weekley to the extent his inactions caused her to lose her unpaid devise with interest. Wagner is not liable for the entirety of Weekley’s lost devise and interest, but only the portion attributable to his inac-tions. Accordingly, the matter is remanded for the circuit court to determine with reasonable certainty Weekley’s damages consistent with this opinion.
6. Appellate Attorney’s Fees
[¶ 30.] Weekley moved this Court for appellate attorney’s fees. She cites no authority for fees on a claim of negligence and breach of fiduciary duty by a personal representative. Thus, the issue is waived.
[¶31.] Affirmed in part, reversed in part, and remanded.
*832 [¶ 32.] MEIERHENRY, Justice, and SABERS, Retired Justice, concur.
[¶ 33.] GILBERTSON, Chief Justice, and JENSEN, Circuit Court Judge, concur in part and dissent in part.
[¶ 34.] JENSEN, Circuit Court Judge, sitting for ZINTER, Justice, disqualified.

. At the time of this appeal, the issue of apportionment of taxes was still pending before the circuit court. In 2007, approximately five *826 years after Brownlee I, the equipment was sold at auction.

. While Brownlee I was being considered by this Court, Prostrollo filed a formal resignation as personal representative for health reasons. The resignation was accepted on November 12, 2002, and Wagner was appointed as personal representative. Brownlee I was decided on November 20, 2002.

. Whether one breaches a fiduciary duty is a question of fact. Ward v. Lange, 1996 SD 113, ¶ 12, 553 N.W.2d 246, 250 (citing American State Bank v. Adkins, 458 N.W.2d 807, 811 (S.D. 1990)). We review questions of fact under the clearly erroneous standard of review. In re Regennitter, 1999 SD 26, ¶ 11, 589 N.W.2d 920, 923 (citations omitted). Questions of law, however, are reviewed de novo. Id.

. Contrary to the dissent's assertion, we are not declaring the circuit court’s findings of fact clearly erroneous. Rather, the court erred as a matter of law when it held that Weekley failed to prove damages with reasonable certainty because she failed to present evidence of the value of the equipment at the time of the breach. Indeed, Weekley presented no evidence of the value of the equipment at the time of the breach. However, the legal *831 conclusion that Weekley is barred from recovery is in error.