GILBERTSON, Chief Justice.
[¶ 1.] Robert Wagner (Wagner) appeals a judgment for Jeanie Weekley (Weekley) in her action for breach of fiduciary duty in the administration of an estate. We affirm.
Facts and Procedural History
[¶ 2.] This is the fourth appeal in connection with the estate of Walter L. Brownlee, Sr. (Brownlee). See In re Estate of Brownlee (Brownlee I), 2002 S.D. 142, 654 N.W.2d 206; Wagner v. Brownlee (Brownlee II), 2006 S.D. 38, 713 N.W.2d 592; Weekley v. Prostrollo (Brownlee III), 2010 S.D. 13, 778 N.W.2d 823. The historical facts have been set forth in our prior decisions and are recounted here. Brown-lee died testate on August 17, 1997. Before his death, Brownlee created a trust for the benefit of his children and grandchildren. He also attempted to transfer some heavy construction equipment he owned to his son Randy (Randy) by a bill-of-sale.
[¶ 3.] Brownlee’s will was filed for probate on September 3, 1997. Jerry Pros-trollo (Prostrollo) was appointed as Brown-lee’s personal representative on September 24. Brownlee’s will devised his certificates of deposit, his residence, and most of his personal property to Weekley, his longtime companion. Most of Brownlee’s estate, however, passed into the trust he had created for the benefit of his children and grandchildren.
[¶ 4.] After Brownlee’s death, disagreements arose between Weekley and Brown-lee’s children. There was a dispute over *342 the validity of the transfer of the construction equipment, valued at approximately $171,000, to Randy. There was also a dispute over the respective tax liabilities of the estate and trust. Weekley petitioned the circuit court to interpret Brownlee’s will and to set aside the transfer of the construction equipment. The circuit court issued its decision on these matters which Weekley and Randy cross-appealed to this Court in Brownlee I. On November 12, 2002, while Brownlee I was still pending before this Court, ProstroIIo resigned as personal representative of the estate for health reasons and Robert Wagner (Wagner) was appointed his successor.[1]
[¶ 5.] This Court entered its decision in Brownlee I on November 20, 2002. We affirmed the circuit court’s disallowance of the transfer of the construction equipment to Randy and further held the state inheritance taxes and federal estate taxes should be apportioned among the beneficiaries. Following our decision, the estate commenced an action against Randy and Weekley to recover the construction equipment and apportion the taxes. Weekley counterclaimed for interest on her unpaid devise of the certificates of deposit and also sought interest on $25,000 in personal funds she had provided to help administer the estate. In addition, she sought an award of more than $76,000 in attorney’s fees incurred in the estate litigation, including the prior appeal. The circuit court granted Weekley’s request for attorney’s fees related to her efforts in setting aside the transfer of the construction equipment, but denied her request for interest on her unpaid devise and the $25,000 she had provided to help administer the estate. Weekley appealed the circuit court’s decision to this Court in Brownlee II.
[¶ 6.] This Court issued its decision in Brownlee II on April 12, 2006. We affirmed the circuit court’s denial of Week-ley’s attorney’s fees relating to the tax apportionment issue and denied her request for her appellate attorney’s fees in Brownlee I on procedural grounds. We also held that the circuit court erred in denying Weekley interest on her unpaid devise and on the $25,000 she had provided for administration of the estate. In addition, we awarded Weekley one-half her request for appellate attorney’s fees for Brownlee II.
[¶ 7.] In May 2006, following Brownlee II, Weekley entered into a stipulated judgment against the estate for $168,223.74, plus post-judgment interest, representing the amount Weekley was owed for her devise, her attorney’s fees, her appellate attorney’s fees, and interest due to the delay in receiving her devise. In August 2006, Weekley brought suit against both ProstroIIo and Wagner for breach of their fiduciary duties in administering the estate.
[¶8.] Weekley’s lawsuit was tried to the circuit court in January 2008. The parties did not dispute that the estate owed Weekley $168,223.74, however, the estate did not have the funds to pay her. Weekley argued that because ProstroIIo and Wagner negligently handled certain affairs of the estate, breaching their fiduciary duties, they should be jointly and severally liable for the loss she suffered. The circuit court found neither ProstroIIo nor Wagner were negligent in their handling of the tax issues concerning the estate. It further found ProstroIIo was not negligent for failure to take possession of, or to preserve the construction equipment because Brownlee I, which decided owner *343 ship of the equipment, was not issued until after Prostrollo’s tenure.
[¶ 9.] With regard to Wagner, the circuit court found his failure to inspect, inventory, collect, and manage the construction equipment after issuance of Brownlee I was a breach of his fiduciary duty.[2] However, the circuit court held it could not reasonably calculate Weekley’s damages against Wagner and awarded her nothing. Weekley appealed the circuit court’s decision to this Court in Brownlee III.
[¶ 10.] This Court issued its decision in Brownlee III on February 10, 2010.[3] The Court affirmed the circuit court’s determinations as to negligence and breach of fiduciary duty by Prostrollo and Wagner. However, it reversed the circuit court’s determination that Weekley failed to prove her damages by Wagner to a reasonable certainty. Accordingly, it remanded the case to the circuit court with instructions “to determine with reasonable certainty Weekley’s damages consistent with this opinion.” Brownlee III, 2010 S.D. 13, ¶ 29, 778 N.W.2d at 831.
[¶ 11.] Following this Court’s remand in Brownlee III, the circuit court accepted briefs on the damages issue and conducted a hearing on October 29, 2010. The court subsequently entered a memorandum opinion and findings of fact and conclusions of law incorporating its memorandum and calculating Weekley’s damages. Based upon its calculations, the court entered its judgment for Weekley on December 29, 2010. The court awarded her damages against Wagner in the amount of $82,535.14 for her unpaid devise, plus prejudgment interest from November 25, 2003, through November 2, 2010, in the amount of $57,299.74, and post-judgment interest commencing November 3, 2010, for a total judgment amount of $139,834.88. Wagner appeals.
Issue
[¶ 12.] Whether the circuit court was clearly erroneous in its damages award.
[¶ 13.] “[T]he amount of damages to be awarded is a factual issue to be determined by the trier of fact.” Roth v. Farner-Bocken Co., 2003 S.D. 80, ¶ 26, 667 N.W.2d 651, 662 (quoting Estate of Pamela He Crow v. Jensen, 494 N.W.2d 186, 192 (S.D.1992)); see also Lord v. Hy-Vee Food Stores, 2006 S.D. 70, ¶ 31, 720 N.W.2d 443, 454 (stating an award of damages is a factual issue). “Damages must be reasonable and must be proved with reasonable certainty.” Lord, 2006 S.D. 70, ¶ 31, 720 N.W.2d at 454. Reasonable certainty “requires proof of a rational basis for measuring loss,” without requiring the trier of fact to speculate. Id. This Court reviews the issue of damages under the clearly erroneous standard. Roth, 2003 S.D. 80, ¶ 26, 667 N.W.2d at 662 (citing He Crow, 494 N.W.2d at 192).
[¶ 14.] Wagner essentially repeats his argument from Brownlee III in this appeal. He asserts Weekley failed to prove her damages with reasonable certainty and that the record contains no evidence permitting any rational estimate of the *344 amount of her damages. Accordingly, he contends the circuit court’s damages award is clearly erroneous and the judgment in Weekley’s favor should be reversed.
[¶ 15.] “[A] question of law decided by [this Court] on a former appeal becomes the law of the case in all its subsequent stages and will not ordinarily be considered or reversed on a second appeal when the facts and the questions of law presented are substantially the same.” Bertelsen v. Allstate Ins. Co., 2011 S.D. 13, ¶ 18, 796 N.W.2d 685, 693 (quoting In re Estate of Siebrasse, 2006 S.D. 83, ¶ 16, 722 N.W.2d 86, 90). Based upon the law of the case doctrine, we will not reconsider Wagner’s recycled arguments from Brownlee III in this appeal. As to the propriety of the damages award, the circuit court carefully adhered to this Court’s decision in Brownlee III in calculating damages on remand. It referenced a number of statements from this Court’s decision in its own memorandum decision and in its findings of fact and conclusions of law. The court also focused on the conclusion in Brownlee III that, “Wagner’s inaction damaged Weekley to the extent of her unpaid devise and interest thereon.” 2010 S.D. 13, ¶ 28, 778 N.W.2d at 831. Finding that Wagner had stipulated in proceedings leading to the judgment entered after Brownlee II that Weekley’s unpaid devise was $82,535.14, the court awarded Weekley that amount as damages.
[¶ 16.] Also consistent with this Court’s instructions in Brownlee III, the circuit court awarded Weekley interest on her unpaid devise in the amount of $57,299.74. This represented interest at the Category B statutory rate (SDCL 54-3-16(2)) commencing on November 25, 2003, one year after Wagner’s appointment as successor personal representative. The court found the one-year delay for commencing interest represented sufficient time for Wagner to “expeditiously and efficiently account, inventory, preserve and collect the assets of the estate, including the construction equipment.” The unpaid devise of $82,535.14 plus the interest of $57,299.74 after November 25, 2003, yielded the total judgment amount of $139,834.88.
[¶ 17.] Wagner relies on a single sentence in the closing paragraph of Brownlee III as the foundation for his appellate argument. In its closing, this Court remanded the case to the circuit court to calculate damages with the qualification that, “Wagner is not liable for the entirety of Weekley’s lost devise and interest, but only the portion attributable to his inac-tions.” Brownlee III, 2010 S.D. 13, ¶ 29, 778 N.W.2d at 831. Wagner argues the lack of evidence in the record as to the value of the construction equipment one year after his appointment as personal representative (i.e., at the time of his breach) rendered it impossible for the circuit court to calculate the portion of Weekley’s lost devise “attributable to his inactions.” Accordingly, he contends Weekley’s damages could not be calculated with reasonable certainty even by resolving any doubt against Wagner as the breaching party as also mandated by Brownlee III. Id. ¶ 28.
[¶ 18.] The circuit court held Wagner liable for the entirety of Weekley’s unpaid devise, ie., $82,535.14. However, only if the construction equipment would have sold for enough to cover the unpaid devise one year after Wagner’s appointment as personal representative (ie., in November 2003) would Wagner’s further delay in recovering and selling the equipment be responsible for the entirety of the unpaid devise. If the equipment would have sold for less at that time, holding Wagner hable for the entire unpaid devise would violate this Court’s charge in Brownlee III that Wagner be held liable only for “the portion [of the lost devise] attributable to his inac-tions.” Id. ¶ 29.
*345 [¶ 19.] John Foley (Foley), the estate’s attorney, testified the construction equipment was originally valued at $172,500 in the estate tax return dated May 18, 1998. He further testified legal proceedings for the estate to recover the equipment were commenced against Randy in January 2004. In the complaint initiating those proceedings, Foley alleged that after Brownlee I, Randy offered to pay the estate $140,000 for the construction equipment. Foley testified at trial that Randy made this offer in May 2003, but that the sale never went through. Foley further testified that if the sale had gone through, the estate would have been able to satisfy its obligation to Weekley. However, Foley conceded on cross-examination that the estate was also seeking attorney’s fees and interest from Randy and that he did not know everything that was encompassed in Randy’s offer. Ultimately, Foley testified the equipment was recovered by the estate in August 2006 and that it sold for a net of $26,739.19 in September 2006.
[¶20.] Wagner testified that when he became personal representative, it was both his and Foley’s opinion that there was not going to be enough to pay Weekley even with the equipment. Therefore, Wagner elected to negotiate with Randy for Randy to purchase the equipment. Wagner testified he began negotiations with Randy in April 2003. Wagner reported by letter to Weekley’s counsel in June 2003 that if Randy purchased the equipment there would be sufficient funds to pay Weekley. However, at trial, Wagner disputed Randy’s $140,000 offer for the equipment, indicating that the offer was made before his time as personal representative. Wagner testified Randy was offering $120,000 in June of 2003 to “settle everything,” “the federal estate tax, the use of the equipment, and the equipment.” Ultimately, Wagner testified at trial that, in his opinion, the value of the equipment when he took over as personal representative was $37,750, the gross amount it ultimately sold for in September 2006.
[¶ 21.] Prostrollo, a long-time auto dealer, also testified during trial. Although he did not provide any testimony as to the specific value of the equipment at the pertinent time, it is notable that his testimony indicated he was familiar with the equipment when Brownlee was alive, that it was “good equipment,” and that it was “worth the money that it was [originally] appraised for and then some probably.”
[¶ 22.] A circuit court’s findings are clearly erroneous when, after a review of all the evidence, this Court is “left with a definite and firm conviction that a mistake [has been] made.” Russo v. Takata Corp., 2009 S.D. 83, ¶ 25, 774 N.W.2d 441, 448. In making its determination, this Court reviews “the evidence in a light most favorable to the [circuit] court’s findings and resolve[s] all conflicts in the evidence in its favor[.]” Phipps v. First Fed. Sav. & Loan Ass’n of Beresford, 438 N.W.2d 814, 819 (S.D.1989). Moreover, in this particular case, any lack of exactitude in the circuit court’s calculation of damages was because of Wagner’s delay in timely recovering and selling the estate’s construction equipment. Thus, any doubt as to the certainty of damages must be resolved against Wagner as the breaching party whose acts made computing damages more difficult. See Brownlee III, 2010 S.D. 13, ¶¶ 28-29, 778 N.W.2d at 831.
[¶ 23.] Based upon these standards and the foregoing evidence and testimony, we hold that the circuit court’s damages award is not clearly erroneous. Both Foley’s and Wagner’s testimony generally supports the view that, had Wagner timely recovered and sold the estate’s construction equipment by November 2003, the proceeds would have been sufficient to cov *346 er Weekley’s unpaid devise. Wagner himself advised Weekley’s counsel by letter in June 2003 that if Randy purchased the equipment, there would be sufficient funds to “make payment to [Weekley].” In view of that advice at the time, Wagner’s later opinion at trial, offering a much lower value for the equipment and describing some of it as “junk,” rings hollow.[4]
Appellate Attorney’s Pees
[¶ 24.] Weekley’s counsel has filed a motion for an award of appellate attorney’s fees in the amount of $2,973.30. Although counsel has submitted an itemized statement of legal services rendered per SDCL 15-26A-87.3, he has cited no authority for an award of fees on a claim of negligence and breach of fiduciary duty by a personal representative. Therefore, as in Brownlee III, the motion for fees is waived. 2010 S.D. 13, ¶ 30, 778 N.W.2d at 831.
[¶ 25.] Affirmed.
[¶ 26.] SEVERSON, Justice, and MEIERHENRY, Retired Justice, concur.
*347 [¶ 27.] KONENKAMP and ZINTER, Justices, dissent.
[¶ 28.] WILBUR, Justice, did not participate.

. Formal letters naming Wagner as the successor personal representative were not issued until November 25, 2002, or filed until December 5, 2002.

. Although Brownlee I was issued at about the same time Wagner became personal representative in November 2002, Wagner did not take possession of the construction equipment and sell it until September 2006, a delay of nearly four years. The equipment, valued at approximately $171,000 when Brownlee’s will was filed for probate in 1997, netted only $26,739.19 at the time of its sale in 2006.

. We granted a rehearing in Brownlee III on the limited issue of whether the Court was properly composed when it decided the case in view of the retirement of one of the participating justices. We subsequently determined that the Court was properly composed and that the original opinion should stand as issued.

. The dissents ignore the current procedural posture of this case. Justice Zinter criticizes Weekley and the circuit court for ignoring the supposed mandate of this Court on remand in Brownlee III that Weekley prove her damages with reasonable certainty. This Court did not, however, remand in Brownlee III for a new trial on damages or for the taking of additional evidence on damages. The significant point of disagreement in Brownlee III was whether Weekley presented sufficient evidence in the first trial to establish her damages. The circuit court held that she did not and awarded her nothing. Over two dissents on this very point in Brownlee III, the majority of this Court held the circuit court erred in that determination, stating: “That sufficient evidence has been presented for the court to determine the extent of Weekley's damages is supported by this Court’s decision in Brown-lee II, where we found that Weekley was damaged as a result of the estate’s actions in failing to timely recover the construction equipment.” Brownlee III, 2010 S.D. 13, ¶ 27, 778 N.W.2d at 831 (emphasis added). And further: "It is reasonable for the finder of fact to consider that because Weekley was entitled to recover interest under SDCL 21-1-13.1 for being damaged by the estate's failure to recover the construction equipment, Wagner’s inaction damaged Weekley to the extent of her unpaid devise and interest thereon.” Id. ¶ 28. On these foundations, this Court remanded in Brownlee III with instructions for the circuit court to “determine with reasonable certainty Weekley’s damages consistent with this opinion.” Id. ¶ 29. It was undoubtedly for these reasons that the circuit court’s findings and conclusions on remand dutifully echoed this and other language quoted from Brownlee III. The circuit court could not, however, view Brownlee III as a remand for a new trial on damages because Brownlee III did not say that and such a disposition would have violated the string of authorities cited in footnote 9 of Justice Zinter’s dissent forbidding a "second bite at the apple.” See, e.g., State v. Mollman, 2003 S.D. 150, ¶ 12, 674 N.W.2d 22, 27 (prohibiting the party with the burden of proof from having another “bite at the apple” because he was given ample opportunity to prove his claim but failed to do so); see also Stugelmayer v. Ulmer, 260 N.W.2d 236, 240 (S.D.1977) (denying the plaintiff/appellant's request for this Court to remand the case to the circuit court for a further determination of damages where the plaintiff initially failed to show any damages and should not be given another opportunity to do so). Although both dissents criticize the absence of evidence and findings on remand as to the value of the equipment at the time of the breach, such evidence was deemed not to be decisive in Brownlee III. See Brownlee III, 2010 S.D. 13, ¶ 25, 778 N.W.2d at 830 (holding the circuit court “mistakenly concluded” Weekley failed to prove her damages with reasonable certainty because she presented no evidence of the equipment’s value at the time of Wagner’s breach). Thus, the circuit court was clearly confined on remand after Brownlee III to the evidence it already had before it, evidence this Court had already held was sufficient to determine Weekley’s damages. That is the evidence we set forth above and, in conjunction with the presumptions set forth in Brownlee III concerning resolution of damages issues against the party making that task more difficult, the evidence we hold to be sufficient here to support the circuit court’s damages award. See Brownlee III, 2010 S.D. 13, ¶ 28, 778 N.W.2d at 831.