ZINTER, Justice
(dissenting).
[¶ 31.] Weekley’s damage theory is that if “the construction equipment [had] been timely collected and preserved there would have been sufficient sums to pay Weekley her [entire] devise and pay the costs of administration and debts of the estate.” There is no dispute that the only alleged delay occurred between November 2003 and September 2006. Had I participated[5] in Weekley v. Prostrollo (Brownlee III), 2010 S.D. 13, 778 N.W.2d 823, I would have joined the dissent. See id. ¶¶ 35-49 (Jensen, Cir. J., dissenting in part) (concluding that the circuit court did not clearly err in finding that Weekley failed to prove with reasonable certainty that she did not receive her entire unpaid devise as a result of Wagner’s delay in selling the equipment). In my view, the circuit court’s original decision, which was reviewed in Brownlee III, was correct. It was correct because Weekley introduced no evidence from which the value of the equipment at the time she claimed it should have been sold could have been determined. Indeed, her position at the *348 first trial was that she had no “duty to have to show what the value of the equipment was at the time Mr. Wagner took over.” Unquestionably, as the party claiming damages for negligence and breach of fiduciary duty, Weekley had the duty to prove her theory of damages.
[¶ 32.] But if we are to follow Brownlee III, we must follow all of it, especially Brownlee Ill’s mandate that on remand Weekley had the duty to prove damages with reasonable certainty. This Court very clearly warned that ‘Wagner [was] not liable for the entirety of Weekley’s lost devise and interest, but only the portion attributable to his inactions. Accordingly, the matter [was] remanded for the circuit court to determine with reasonable certainty Weekley’s damages consistent with this opinion.” Id. ¶29 (majority opinion).
[¶ 33.] Notwithstanding this explicit mandate, on remand, Weekley identified no evidence from which one could attribute the portion of the devise that was lost due to Wagner’s inaction in collecting and selling the equipment from 2003 to 2006. Instead, Weekley continued to take the position that she had no duty to prove her theory of damages.[6] Weekley argued that Wagner v. Brownlee (Brownlee II), 2006 S.D. 38, 713 N.W.2d 592, and Brownlee III had “conclusively established” that Week-ley’s causally related damages were the full amount of the devise, and the only reason for the remand was to calculate interest. But there is no language in Brownlee III to support this argument. Had there been such language in Brownlee III, there would have been no need for this Court’s remand and unequivocal warning that Wagner was not liable for the entire amount of the devise, but only for the portion that could be proven to be attributable to Wagner’s delay in collecting and selling the equipment between 2003 and 2006.
[¶ 34.] In this appeal, Weekley continues with her argument that she had no duty to prove causally related damages. Thus, she fails to even cite evidence from the trial or remand hearing that could support a claim that the value of the equipment declined by any amount between 2003 and 2006. Although this Court relies on testimony from Foley and Wagner to support a diminution in value claim, that testimony was not relied upon by either Weekley in her brief to this Court or the circuit court in its findings of fact and conclusions of law following the hearing on remand. That is most likely because Foley’s and Wagner’s testimony does not establish that the failure to pay the entire amount of the unpaid devise was attributable to a devaluation of the equipment occurring between 2003 and 2006.
[¶ 35.] In the first trial, Wagner did testify that Randy Brownlee offered $120,000 in June 2003 to “settle everything,” which included the purchase of the equipment. Foley also indicated that Randy made an offer of $140,000 in May 2003, which would have been enough to pay Weekley’s devise. However, the record reflects that at the time of those offers, the estate was also suing Randy for attorney’s fees, compensation for his use of the equipment, interest, and a substantial federal estate tax obligation Randy had failed to pay. And, neither Foley nor Wagner was asked to separate the amount offered for the equipment from the amount offered to settle all other claims against Randy. Therefore, Wagner’s and Foley’s testimo *349 ny did not purport to establish the amount by which the value of the equipment declined between the time Weekley contended it should have been sold in 2003 and the time it actually sold in 2006.[7]
[¶ 36.] Moreover, the question in this appeal is whether on remand from Brownlee III, the circuit court’s findings now identify with reasonable certainty that the equipment declined in value between 2003 and 2006 in an amount equal to or exceeding Weekley’s unpaid devise. This Court finds in the affirmative, concluding that the circuit court was not “clearly erroneous.” Supra ¶ 23. But the clearly erroneous standard of review does not apply because the circuit court entered no evi-dentiary “findings of fact” supporting that conclusion. The circuit court’s material “findings” consist of nothing but conclusions of law, i.e., quotations from Brownlee III.
[¶ 37.] The Court contends that the circuit court’s “findings” are sufficient because they “echoed [Brownlee III] and other language quoted from [that decision].” See supra note 4. The Court also indicates that the circuit court should be affirmed because no retrial was ordered, and the evidence today’s majority identifies (the Wagner and Foley evidence) together with the presumptions against Wagner are “sufficient to determine Week-ley’s damages.” See id. The Court is incorrect.
[¶ 38.] First, as previously mentioned, the Wagner and Foley evidence was not relied upon by the circuit court, and even if it was, it does not establish the amount the equipment declined in value during the relevant three-year period. More importantly, relying upon the predecessors to SDCL 15-6-52, this Court has long held that “[w]hen issues of fact are triable by the court, the parties are entitled to a finding of fact upon each material issue of ultimate fact properly presented by the pleadings.” Ellens v. Lind, 65 S.D. 620, 277 N.W. 40, 42 (1937). But the circuit court’s quotations from Brownlee III are insufficient as a matter of law to constitute findings of fact. SDCL 15-6-52(a) requires that “[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall ... find the facts specially and state separately its conclusions of law thereon.” Clearly, the circuit court’s quotations of this Court’s conclusions in Brownlee III are not findings of historical fact on the material issue in the case; i.e., the amount by which the equipment declined in value between 2003 and 2006.[8]
*350 [¶ 39.] Because “the circuit court ... [failed to] determine with reasonable certainty Weekley’s damages consistent with” the remand requirement that “Wagner [was] not liable for the entirety of Week-ley’s lost devise and interest, but only the portion attributable to his inactions,” Brownlee III, 2010 S.D. 13, ¶ 29, 778 N.W.2d at 831, I would reverse.[9] Weekley erred as a matter of law in taking the position at trial and on remand that she had no duty to prove her theory of damages when suing for negligence and breach of fiduciary duty. Even though Brownlee III held that Weekley suffered some damages in fact, she did not even attempt to fulfill her duty of proving the amount of those damages with reasonable certainty by establishing that the failure to pay her entire unpaid devise was caused by a decline in the value of the equipment occurring between November 2003 and September 2006.[10] I therefore dissent.

. I recused myself in Brownlee III for a conflict unrelated to Wagner’s liability for damages caused by his delay in collecting and selling the construction equipment. The conflict does not exist in this appeal.

. In light of Weekley’s continuing legal position that she had no obligation to prove the amount of her lost devise that was attributable to Wagner’s inactions, I find no fault with the fact that Wagner has repeated much of “his argument from Brownlee III in this appeal.’’ Cf. supra ¶ 14.

. The Court notes that Wagner wrote a letter to Weekley’s attorney in June 2003, indicating that Randy Brownlee's purchase of the equipment would be sufficient "to pay Weekley.” Supra ¶ 20. Actually, the letter stated that if Randy purchased the equipment there would be sufficient funds "to make payment” to Weekley. The letter does not, however, indicate the amount of that payment or to which of the various claims against Randy the payment would be applied. The letter proves no decline in value of the equipment occurring between November 2003 and September 2006.

. Considering this Court's decision in Brownlee III together with Weekley’s position that she had no obligation to prove the decline in value of the equipment at trial or on remand, the circuit court cannot be faulted for entering "findings of fact” on remand consisting of quotations from Brownlee III. Cf. Justice Ko-nenkamp's dissent ¶¶ 29-30 (observing that the circuit court “was still required to identify evidence to support how Wagner’s breach with respect to the equipment damaged Weekley,” but there are no findings citing evidence on the value of the equipment) (emphasis added). Although Weekley had the burden of proof on this issue, she did not argue to the circuit court that there was evidence from the trial or the remand hearing establishing the value of the equipment at the time she claimed it should have been sold. *350 Indeed, Weekley fails to argue that such evidence exists in her brief to this Court. Because of this failure and Weekley’s erroneous legal position, the circuit court was provided no historical facts upon which it could have entered evidentiary findings attributing a loss in value attributable to the period between November 2003 and September 2006.

. I do not join Justice Konenkamp’s view that this matter should be remanded yet again for a third opportunity for Weekley to prove her claim. "It is well established that a plaintiff is limited to only one opportunity to prove its claim.” City of Danbury v. Dana Inv. Corp./Lot No. GO8065, 257 Conn. 48, 57-58, 776 A.2d 438, 443 (2001) (noting that a further remand is not warranted where, following one hearing on remand, the plaintiff was given the opportunity to present evidence on its claim but failed to do so). We follow the same rule. See State v. Mollman, 2003 S.D. 150, ¶ 12, 674 N.W.2d 22, 27 (prohibiting the party with the burden of proof from having another "bite at the apple” because he was given ample opportunity to prove his claim but failed to do so); State v. Aspen, 412 N.W.2d 881, 884 (S.D.1987) (observing that having "failed in its first evidentiary showing,” the party with the burden of proof "must be prevented from ameliorating its weak and deficient original evidentiary proof to now” be entitled to another hearing to prove its claim).

. In light of Weekley's legal position that she had no duty to prove her theory of damages, one need not review the factual evidence supporting the circuit court’s original decision. However, it is noteworthy that if one reviews all of the evidence in the original trial record, including the testimony of Jerry Prostrollo concerning the value of the equipment around the time of Walter Brownlee’s death, it is more likely that most of the devaluation of the equipment occurred during the six years between 1997 and 2003 than the three years between 2003 and 2006.