#25909-a-GAS

2012 S.D. 17

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE ESTATE
OF BERNADINE J. MONCUR.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN W. BASTIAN
Judge

* * * *

CASEY N. BRIDGMAN
Wessington Springs, South Dakota

Attorney for appellant
Shirley Anderson.

TIMOTHY R. JOHNS of
Johns & Kosel, Prof LLC
Lead, South Dakota

Attorneys for appellant
Janet Nelson.

WESLEY W. BUCKMASTER
Belle Fourche, South Dakota

Attorney for appellees Dianne
Irene Shear and Miki Val
Scheef.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 14, 2011

OPINION FILED 03/07/12

#25909

SEVERSON, Justice

[¶1.]        Two beneficiaries of the Moncur Revokable [sic] Family Trust (Trust) petitioned the trial court to remove the co-trustees of the Trust on the grounds that the co-trustees violated various fiduciary duties.  The trial court denied the petition. The beneficiaries appeal, raising the following issues: (1) whether the trial court erred in finding the co-trustees did not violate their fiduciary duties by using a surrogate bidder to purchase Trust property at public auction; and (2) whether the trial court erred in finding the remaining allegations that the co-trustees breached their fiduciary duties were without merit.  We affirm.

Background

[¶2.]        Bernadine Moncur (Bernadine) created the Trust on December 20, 2002.[1]  The beneficiaries of the Trust included Bernadine's five daughters: Lois Marie Moncur (Lois), Dianne Irene Shear (Dianne), Miki Val Scheef (Miki), Shirley Kay Anderson (Shirley), and Janet Leann Nelson (Janet).  Under the terms of the Trust, Bernadine served as trustee until the date of her death, at which time Miki and Dianne were to serve as successor co-trustees.

[¶3.]        Bernadine executed her last will and testament on January 14, 2003. Under Article II of the will, Bernadine devised and bequeathed her entire estate to the Trust.  Miki and Dianne were named as co-personal representatives.  Both the Trust document and the will document were prepared by Bernadine's attorney, Leroy Hill.

---

1.      The Trust was amended on October 14, 2004.

[¶4.] Bernadine died on December 25, 2007. On December 31, 2007, Miki and Dianne accepted their appointment as co-personal representatives of the estate and co-trustees of the Trust. In accordance with Hill's advice, Miki and Dianne established a single checking account for the Moncur Trust and the Moncur estate. This was done because under Bernadine's will, the Moncur estate was to be devised and bequeathed to the Moncur Trust.

[¶5.] Among the assets held in the Trust was certain real property located in Butte County. Shirley and Janet wanted the Butte County property sold immediately. Miki and Dianne elected not to sell the Butte County property immediately because they believed it was prudent to delay disposition of the property until after the period for notice to creditors expired on May 12, 2008.

[¶6.] Miki and Dianne arranged for the Butte County property to be sold at auction. The auction took place on November 13, 2008.[2] Miki and Dianne sent a copy of the auctioneer's employment contract to Shirley and Janet's attorney. An addendum to the employment contract stated family members were permitted to enter the bidding. At the auction, Miki and Dianne used a surrogate bidder and purchased the Butte County real estate for $309,000.

[¶7.] On June 5, 2009, Shirley petitioned the circuit court to remove Miki and Dianne from their positions as co-trustees of the Trust. Janet joined the petition. The petition alleged Miki and Dianne breached their fiduciary duties to the beneficiaries of the Trust by using a surrogate bidder to purchase the Butte

---

2. The personal property held in the Trust was sold at a separate auction that took place on April 5, 2008.

County property without obtaining permission from the beneficiaries. The petition also contained several other allegations that Miki and Dianne violated the terms of the Trust and breached their fiduciary duties to the beneficiaries.

[¶8.] A court trial was held on February 24, 2010 and on April 23, 2010. In a memorandum opinion dated November 30, 2010, the trial court denied Shirley and Janet's petition and found Miki and Dianne did not breach any of their fiduciary duties.

## Decision

[¶9.] As a fiduciary, a trustee has a duty "to act in all things wholly for the benefit of the trust." *Willers v. Wettestad*, 510 N.W.2d 676, 680 (S.D. 1994) (citing *Schroeder v. Herbert C. Coe Trust,* 437 N.W.2d 178 (S.D. 1989); Restatement (Second) of Trusts §§ 175, 176 (1959)). SDCL 55-2-1 provides that "[i]n all matters connected with his trust a trustee is bound to act in the highest good faith toward his beneficiary and may not obtain any advantage therein over the latter by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind." In addition, we have declared that "a fiduciary must act with utmost good faith and avoid any act of self-dealing that places his personal interest in conflict with his obligations to the beneficiaries." *In re Estate of Stevenson*, 2000 S.D. 24, ¶ 9, 605 N.W.2d 818, 821 (quoting *American State Bank v. Adkins,* 458 N.W.2d 807, 811 (S.D. 1990)).

[¶10.] Whether a trustee has breached a fiduciary duty is a question of fact. *Weekley v. Prostrollo*, 2010 S.D. 13, ¶ 11 n.3, 778 N.W.2d 823, 827 n.3 (citing *Ward v. Lange,* 1996 S.D. 113, ¶ 12, 553 N.W.2d 246, 250). "We review questions of fact

under the clearly erroneous standard of review." *Id.* (citing *In re Regennitter,* 1999 S.D. 26, ¶ 11, 589 N.W.2d 920, 923). However, we review purely legal questions de novo, giving no deference to the trial court's findings. *Estate of Stevenson*, 2000 S.D. 24, ¶ 7, 605 N.W.2d at 820 (citing *Lustig v. Lustig*, 1997 S.D. 24, ¶ 5, 560 N.W.2d 239, 241).

[¶11.]      **1.**      **Whether Miki and Dianne violated their duty of loyalty to the beneficiaries by purchasing the Butte County property.**

[¶12.]      A trustee owes a duty of loyalty to the beneficiaries of the trust. *Willers*, 510 N.W.2d at 680. This duty of loyalty generally precludes a trustee from "tak[ing] part in any transaction concerning the trust in which he or anyone for whom he acts as agent has an interest, present or contingent, adverse to that of his beneficiary . . . ." SDCL 55-2-3. "However, our statutes set forth specific exceptions to this general rule."[3] *Estate of Stevenson*, 2000 S.D. 24, ¶ 11, 605 N.W.2d at 821. One such exception is set forth under SDCL 55-2-3(1), which provides:

> When the beneficiary does have the capacity to contract and, with a full knowledge of the motives of the trustee and of all other facts concerning the transaction which might affect his own decision and without the use of any influence on the part of the trustee, permits the trustee to do so . . . .

---

3.      An exception to this rule is set forth under SDCL 55-2-3(4). This statute allows a trustee to "take part in any transaction concerning the trust in which he or anyone for whom he acts as agent has an interest, present or contingent, adverse to that of his beneficiary . . . [w]hen the instrument creating the trust expressly grants permission to the trustee to buy, sell or lease property for the trust from or to the trust." SDCL 55-2-3(4). Miki and Dianne concede that the Trust instrument does not expressly grant permission for the trustees to purchase Trust property for themselves. Thus, SDCL 55-2-3(4) is inapplicable.

[¶13.]    The trial court found that the elements of SDCL 55-2-3(1) were met. Shirley and Janet contend that the trial court abused its discretion in making this finding. Specifically, Shirley and Janet argue they did not have "full knowledge of the motives of [Miki and Dianne]" or the facts concerning the sale of the Butte County property. It is undisputed that both Shirley and Janet have capacity to contract.

[¶14.]    The record shows Shirley and Janet each received written notice of the auction. This notice listed the date of the auction, as well as the terms and conditions of the sale of the Butte County property. In addition, Shirley and Janet received a copy of the auctioneer's employment contract. An addendum to the auctioneer's employment contract indicated family members were welcome to enter the bidding. During the court trial, both Shirley and Janet admitted that they were aware that Miki and Dianne were interested in purchasing the Butte County property. They also admitted that they were aware Miki and Dianne were going to bid on the Butte County property during the auction. Neither Shirley nor Janet voiced any objection to Miki and Dianne bidding on the property. We thus hold the record supports the trial court's finding that the elements of SDCL 55-2-3(1) were met.

[¶15.]    Shirley and Janet argue that even if Miki and Dianne satisfied the elements of SDCL 55-2-3(1), they still failed to overcome the presumption that the Butte County property was sold "without sufficient consideration and under undue influence." This presumption is set forth under SDCL 55-2-8, which "provides that when a trustee obtains an advantage from the beneficiary, it is presumed that the

beneficiary entered into the transaction 'without sufficient consideration and under undue influence . . . .'" *Estate of Stevenson*, 2000 S.D. 24, ¶ 19, 605 N.W.2d at 823 (quoting SDCL 55-2-8). Shirley and Janet note that the Butte County property appraised for $490,000 in February 2008. However, at auction on November 13, 2008, the property sold for only $309,000.

[¶16.] Prior to the auction, Bernadine had a real estate broker list the Butte County property at $500,000 for an extended period of time. She did not receive an offer. Miki and Dianne eventually elected to sell the property at auction. They hired Jack Mills to be the auctioneer. Mills had thirty years of experience as an auctioneer and realtor. Mills testified at the court trial that the auction was competitive, and that the price was pushed higher by the use of a surrogate bidder for Miki and Dianne. Prior to the auction, Mills estimated that the Butte County property would bring between $275,000 and $375,000 at auction. The property sold for an amount within this range.

[¶17.] Mills's testimony that the auction was competitive was corroborated by Merlin Porterfield, who was a registered auction bidder on the Butte County property. Porterfield testified that he bid aggressively against the surrogate bidder, John Wolff. Porterfield also testified he did not know Wolff was acting as a surrogate bidder for Miki and Dianne.

[¶18.] The record supports the trial court's finding that Miki and Dianne did not use their influence as trustees to compel Shirley and Janet to permit them to purchase the Butte County property at auction. Shirley and Janet admitted they knew the terms and conditions of the sale of the Butte County property and were

aware Miki and Dianne were planning to bid on the property. Evidence was introduced at trial to show that the auction of the Butte County property was competitive and Miki and Dianne's bid was fair and reasonable. The record supports the trial court's finding that Miki and Dianne overcame the presumption set forth under SDCL 55-2-8. We thus hold the trial court did not abuse its discretion in finding Miki and Dianne did not violate their duty of loyalty to the beneficiaries by purchasing the Butte County property.

*Timing of the auction*

[¶19.]    Before the auction of the Butte County property, Miki and Dianne held an auction to dispose of personal property held in the Trust. This personal property auction took place April 5, 2008. Shirley and Janet argue that Miki and Dianne should have arranged to auction the Butte County property at the same time the personal property was auctioned on April 5, 2008. Shirley and Janet allege that Miki and Dianne used their position as trustees to delay the sale of the Butte County property until November 13, 2008, so that they could purchase the property at a reduced price. We find no evidence in the record to support the claim that Miki and Dianne deliberately delayed the sale of the Butte County property in order to reduce its price.

[¶20.]    Under the terms of the Trust, it was within Miki and Dianne's discretion to hold the auction of the Butte County property on November 13, 2008. Section Fifteen, Subsection I of the Trust states, "Trustees in their discretion is [sic] expressly authorized to hold and retain any securities, properties, or other

investments for such length of time as Trustees deems [sic] advisable." In addition,

SDCL 55-1A-5 provides,

> A trustee may collect, hold, and retain trust assets until, in his judgment, disposition of the assets should be made, without regard to any effect the retention may have upon the diversification of the trust estate. Trust property may be retained even though it includes an asset in which its trustee is personally interested.[4]

[¶21.] By holding the Butte County property auction on November 13, 2008, Miki and Dianne gave the auctioneer time to conduct advertising and prepare for the auction. In addition, the preparation of the Butte County property for sale involved obtaining an engineering survey to subdivide the property. Miki and Dianne testified that they were unable to find an engineer that could conduct the survey before the personal property sale on April 5, 2008. In light of these facts, Miki and Dianne determined it was in the best interest of the Trust to hold the Butte County property auction on November 13, 2008. The trial court properly concluded Miki and Dianne did not violate their fiduciary duties by holding the auction on this date.

[¶22.] **2. Whether the trial court erred in finding the remaining allegations that the co-trustees breached their fiduciary duties were without merit.**

[¶23.] Shirley and Janet made numerous additional allegations that Miki and Dianne breached their fiduciary duties to the beneficiaries of the Trust. The trial

---

4. SDCL 55-1A-1 provides that the powers enumerated in SDCL chapter 55-1A "apply to any trust which is governed by South Dakota law unless the instrument specifically excludes any or all of the powers provided in [SDCL chapter 55-1A]." In this case, the Trust did not exclude the powers enumerated in chapter 55-1A. Therefore, SDCL 55-1A-5 applies.

court evaluated each of these claims and determined they were without merit. After reviewing the record in this case, we find that the trial court properly found Shirley and Janet's allegations were unsubstantiated by the record.

[¶24.] Affirmed.

[¶25.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.